796 So.2d 566 (2001)
In the Interest of M.C., B.D., and M.D.C., children.
P.D., Appellant,
v.
State of Florida, Department of Children and Families, Appellee.
No. 2D01-168.
District Court of Appeal of Florida, Second District.
September 5, 2001.
*567 Linda A. Lorrier, Bradenton, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David Ryder, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
P.D., the mother of M.D.C., appeals the order which denied her motion to reopen a dependency case concerning her son. We reverse the order and remand for further proceedings.
M.D.C. was born on June 18, 1992, and was left with P.D.'s maternal aunt on October 7, 1994. A petition to declare M.D.C. dependent[1] was filed on December 30, 1994. Counsel was appointed for P.D. on January 27, 1995. A case plan with the goal of reunification was signed by P.D. on January 27, 1995. A plea of consent to the dependency petition was entered by P.D. in open court on that same date. Although M.D.C. had been in the care of the maternal aunt since October 1994, a written order adjudicating him dependent and placing him in her temporary care was not entered until August 9, 2000, nunc pro tunc to February 21, 1995.
In February 1999, the Department of Children and Families filed a motion to terminate supervision over M.D.C. A hearing was conducted without notice to P.D. or her attorney. On March 1, 1999, the court entered an order granting the motion, relieving the Department from any further supervision of M.D.C., and placing him in the care, custody, and control of the maternal aunt.
On March 17, 1999, apparently without knowledge of the order terminating supervision, P.D. filed a letter with the court seeking to have M.D.C. and his siblings returned to her. A new attorney was appointed by the court on May 23, 2000, to represent P.D. Through counsel, P.D. filed a motion to reopen the dependency case. The motion alleged that P.D. had substantially complied with her case plan and that neither she nor her former attorney had been notified of the hearing on the motion to terminate which resulted in the March 1, 1999, order.
Judge Peter A. Dubensky conducted a hearing on September 11, 2000, and determined that the Department had failed to afford due process to the mother by properly notifying her or her attorney of the hearing on the motion to terminate. The trial court orally granted the motion to reopen the case and ordered that a new hearing on the motion to terminate be scheduled. In a written order, the trial court vacated the March 1, 1999, order to the extent it terminated supervision over M.D.C.
On September 19, 2000, the Department filed a new motion to terminate supervision. A hearing was conducted before Judge Paul Logan on September 22, 2000, who noted that the case was in chaos and expressed his concern that in addition to the lack of due process to the mother in *568 the past, it appeared that the proper procedures for evaluating the case had not been followed. Counsel for P.D. requested that a judicial review be conducted. Counsel for the Department conceded that judicial reviews should have been conducted in the past. Judge Logan urged the parties to "get back on track" and stated that a judicial review was needed. The court then scheduled a new hearing a month later to ensure that there was sufficient time for the parties to arrange for a case plan update and to prepare for the judicial review.
The new hearing was conducted before Judge Dubensky on October 23, 2000. Counsel for P.D. stated that it was her understanding that the hearing was to be a judicial review pursuant to Judge Logan's order. Judge Dubensky stated that he did not think a judicial review was necessary and the issue to be determined at the hearing was whether supervision of the case should be continued or terminated.
The Department argued that this was a long-standing case, and supervision should be terminated because M.D.C. was settled in his current placement. M.D.C. had just turned eight years of age and had been out of P.D.'s custody for six years. Counsel for P.D. pointed out that the mother was not a stranger to M.D.C., and she had been attempting to obtain relief through her pro se letters to the court in 1997 and 1999 before new counsel had been assigned to represent her. Counsel stated that P.D. would "like the opportunity to prove herself" and alleged that from all the accounts of probation officers and others, she was doing well. P.D. was not asking that she immediately be reunified with M.D.C., but that she be "reintegrated" with him.
Judge Dubensky stated that he was terminating supervision as to M.D.C. "based on the length of time that he's been in the care of the maternal aunt. A written order was entered which found that M.D.C. "has been settled with his current caregiver since 1994" and denied the motion to reopen the case.
The trial court's order is erroneous in several ways: (1) the case previously had been reopened by the trial court's oral pronouncement and through the September 11, 2000, written order which vacated the order terminating supervision over M.D.C.; (2) the goal of the case plan was reunification of M.D.C. with P.D. and that goal had never been modified; and (3) the trial court did not consider whether P.D. had substantially complied with the terms of the case plan.
Accordingly, we reverse the November 8, 2000, order and direct the trial court to conduct a judicial review in compliance with Florida Rule of Juvenile Procedure 8.415(f) and section 39.701, Florida Statutes (2000). The trial court shall ensure that P.D. is afforded full due process. Because the 1995 case plan goal is reunification, the judicial review should be geared toward a reunification of M.D.C. with P.D., unless the trial court finds at that hearing that reunification will be detrimental to the child's well-being, safety, or that his physical, mental, or emotional health would be endangered by a return to P.D.'s home. See S.J. v. Dep't of H.R.S., 700 So.2d 71, 76 (Fla. 1st DCA 1997); Fla. R. Juv. P. 8.415(f)(2).
Reversed and remanded with directions.
NORTHCUTT, A.C.J., and STRINGER, J., concur.
NOTES
[1] The petition also alleged that M.D.C's sister, B.D. should be declared dependent. The dependency of B.D. and M.D.C's brother, M.C., is not the subject of this appeal and shall not be discussed herein.