FULMER, Chief Judge.
T.H., the Father of K.H. and K.H., challenges an order terminating protective services supervision and approving long-term relative placement of the children with their paternal grandfather and his wife. The Father argues that there was insufficient evidence to support the trial court’s action and that he was not afforded due process of law. We conclude that the trial court erred in terminating the protective services supervision without first affording the Father the opportunity to present evidence at an evidentiary hearing. Therefore, we reverse for further proceedings.
This case has a somewhat unusual procedural history. The children were initially adjudicated dependent in 1999. After various placements, the children were placed in the custody of the paternal grandfather and his wife. In 2001, supervision was terminated, and the children were ordered to remain in the long-term custody of the paternal grandfather and his wife. However, on May 26, 2004, upon the request of the Father, who indicated that he had substantially complied with his case plan, the case was reopened and supervision was reinstated by the court.[1] The Father was appointed counsel and was also awarded four hours of unsupervised visitation per week. The paternal grandfather was present at the hearing and supported the Father’s request to reopen the case and have unsupervised visitation. In fact, the grandfather stated that he would not object to overnight visitation. He also stated that he wanted the Father to have the children back. The trial court explained that it would “start out kind of slow” but would “maybe look towards overnight weekend visitation” at the next judicial review hearing to be held a few months later. The trial court stated, “We’ll encourage [the Father] to continue to keep up the good work because the children should be raised by their parents, not by their grandparents.” The Department made no objection to the unsupervised visitation, the scheduling of a judicial review hearing, or the trial court’s order to reopen the case. And, no appeal was taken from this order.
*1293 Over the next year, several judicial review hearings were held at which visitation was increased, and from time to time various issues were addressed and several requirements were either clarified or added to the Father’s case plan. All reviews indicated that the visitations were going well. Nothing in the record indicates any change in the goal of reunification.
On February 9, 2005, a judicial review hearing was held before a magistrate. At that time, the children were still living with the paternal grandfather, but the Father had been exercising liberal unsupervised visitation. During this hearing, several issues were raised and discussed. Regarding the Father’s case plan, the magistrate noted that the Father still needed to complete a twenty-six week domestic violence class but also acknowledged that there had been some prior confusion regarding this requirement. The Father had already completed an anger management class. The magistrate scheduled a judicial review hearing for May 18, 2005, and indicated that it would be a permanency review. The Father was instructed to complete his remaining class, continue with his unsupervised visitation, and participate in family counseling with the children.
At the May 18, 2005, hearing the magistrate noted that the mother was in attendance and addressed her counsel first. The mother’s counsel indicated that the mother continues to be happy with the current placement of the children with their grandfather. He also argued that the Father has the burden of demonstrating that he’s completed his case plan and that it is in the best interest of the children to be moved. The magistrate noted that the Father had complied with all case plan tasks except for the domestic violence program. Counsel for the Department was reluctant to recommend that the case remain open for another six months while the Father completed his remaining task. Counsel for the guardian ad litem took the position that the case should be closed.
The magistrate indicated that she agreed with the mother’s counsel that “it takes more than compliance with ... case plan tasks once Protective Service Supervision has been terminated to modify a long-term placement.” However, she also noted that:
a few minutes judicial review hearing doesn’t give the Dad the opportunity to present the necessary evidence to convince the court that it would now be in the children’s best interest to modify their placement after such an extended period of time in the long-term care of the grandparents. But, I’ll give you an opportunity at a specially set hearing.
Counsel for the guardian ad litem objected to the Father being granted an evidentiary hearing on the grounds that the case should not have been reopened because the Father had not completed his case plan. The magistrate agreed that the case probably should not have been reopened and stated:
Technically, the case plan should have been completed prior to Protective Service Supervision ever being reinstated. But I didn’t make that call and that’s done. Protective Service Supervision was reopened. And I am not impressed with the Father’s efforts in complying with the case plan. But I believe that permanency for these children needs to be decided after the Court receiving [sic] meaningful evidence. And I don’t have the information.
I don’t know about the paramour. I’m not even sure that technically we’ve done a proper home study on Dad’s residence. Although, he’s exercising every other weekend unsupervised visitation.
*1294 And I agree with everything that’s being pointed out by the Guardian Ad Litem. But, procedurally, this case didn’t happen the way it was supposed to from the beginning.
The magistrate concluded by indicating that she would take the matter under advisement and advise the parties whether further hearings would be held. No further hearings were held.
On July 7, 2005, the magistrate entered a recommended order, which was adopted by the trial court. The recommended order recites that testimony was taken at the May 18, 2005, hearing notwithstanding the fact that no testimony was taken. The order also quotes the following provision that was contained in the 2001 order, which originally terminated supervision and left the children in the long-term custody of the grandfather:
The parents shall not petition the court for custody of the children unless there is probable cause to believe that this long term custody is no longer in the children’s best interests and that the parents have demonstrated a material change in circumstances. Substantial compliance with a case plan or remedy of the reasons for removal will not, standing alone, be sufficient to disturb the long term custody.
The magistrate’s recommended order concludes by recommending that protective services supervision be terminated and that the long-term custody placement of the children with the grandfather be continued based on a finding that “there has been no showing throughout any of the hearings held over the last year, that it is no longer in the children’s best interests to remain with [the grandfather and his wife].”
The error in the magistrate’s recommended order is that the Father was never afforded an evidentiary hearing at which he would have had the opportunity to make the showing that the magistrate’s order concludes he failed to make. “While a trial court is bound by a general master’s factual findings, the findings must be supported by competent, substantial evidence.” D.S. v. Dep’t of Children & Families, 900 So.2d 628, 632 (Fla. 5th DCA 2005). Because the record reflects that the magistrate who conducted the judicial review hearing did not take evidence, we agree with the Father’s assertion that the trial court’s order is not supported by competent, substantial evidence. The Father also frames this issue as a due process violation. We agree that the procedure violated the Father’s right to due process because he was denied the opportunity to present evidence.
We therefore reverse the trial court’s order and remand this case for an eviden-tiary hearing. See In re M.C., 796 So.2d 566, 568 (Fla. 2d DCA 2001); D.S., 900 So.2d at 632. Our reversal in this case should not be construed as approval of the procedure by which this case was reopened and allowed to proceed through multiple judicial review hearings after the initial permanency placement was ordered. Nevertheless, once the case was reopened and allowed to proceed, the Father was entitled to due process by being afforded an opportunity at an evidentiary hearing to demonstrate that the long-term placement with the grandfather was no longer in the children’s best interests.
Reversed and remanded.
CASANUEVA and STRINGER, JJ., Concur.

. The mother, who lived in another state, was represented by counsel during the proceedings. It was the mother’s position that the children should remain with the grandfather, although she never actively opposed the Father’s quest for reunification.