NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

In the Interest of H.T., a child. )
_____ )
                                 )
K.B.,                            )
                                 )
              Appellant,         )
                                 )
v.                               )    Case No. 2D15-4367
                                 )
DEPARTMENT OF CHILDREN           )
& FAMILIES and GUARDIAN          )
AD LITEM PROGRAM,                )
                                 )
              Appellees.         )
_____ )

Opinion filed November 16, 2016.

Appeal from the Circuit Court for
Manatee County; Scott Brownell, Judge.

Ita M. Neymotin, Regional Counsel,
Second District, and Joseph Thye
Sexton, Assistant Regional Counsel of
the Office of Criminal Conflict and Civil
Regional Counsel, Bartow, for
Appellant.

Stephanie C. Zimmerman, Deputy
Director & Statewide Director of Appeals
of Children's Legal Services, Bradenton,
for Appellee Department of Children &
Families.

Laura E. Lawson of Guardian ad Litem
Program, Sanford, for Appellee
Guardian ad Litem Program.

PER CURIAM.

We reverse the order placing K.B.'s daughter, H.T., in a permanent guardianship and terminating protective supervision. As the Department of Children and Families properly concedes, its failure to notify K.B. of its intent to seek a permanent guardianship and the circuit court's failure to conduct an evidentiary hearing on the Department's motion for such violated K.B.'s due process rights. J.B. v. Dep't of Children & Family Servs., 130 So. 3d 753, 756-57 (Fla. 2d DCA 2014); P.P. v. Dep't of Children & Family Servs., 86 So. 3d 556, 559-60 (Fla. 2d DCA 2012); T.H. v. Dep't of Children & Family Servs., 928 So. 2d 1291, 1294 (Fla. 2d DCA 2006).

For purposes of the proceedings on remand, we note that section 39.6221(2)(c), Florida Statutes (2015), requires the circuit court to "[s]pecify the frequency and nature of visitation or contact between the child and his or her parents." Here, the court's order specifies that K.B. shall have a minimum of one hour per week supervised visitation, with additional visitation at the permanent guardian's discretion. The order also gives the guardian discretion to permit unsupervised visitation upon determining that K.B. has achieved the sobriety and stability necessary to keep the child safe. However, it does not leave the frequency and nature of visitation to the guardian's complete discretion. Therefore, the order comports with section 39.6221(2)(c). Cf. S.W-R. v. Dep't of Children & Family Servs., 64 So. 3d 1283, 1284-85 (Fla. 2d DCA 2011) (holding the permanent guardianship order that provided for visitation biweekly for an hour to an hour and a half "or at the discretion of the caregiver" did not comply with

- 2 -

section 39.6221(2)(c) because it placed complete discretion concerning the frequency and duration of visitation with the permanent guardian).

Reversed and remanded.

NORTHCUTT, KELLY, and WALLACE, JJ., Concur.