# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

In the Interest of H.L., a minor child.

DEPARTMENT OF CHILDREN AND FAMILIES,

Appellant,

v.

H.L., D.L., N.L., and GUARDIAN AD LITEM OFFICE,

Appellees.

No. 2D2024-2494

_____

February 7, 2025

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Hillsborough County; Marion L. Fleming, Judge.

Mary Soorus of Children Legal Services, Appellate Counsel, Tampa, for Appellant Department of Children and Families.

Clay W. Oberhausen of Office of Criminal Conflict & Civil Regional Counsel, Sarasota, for Appellee H.L.

Jonathan Hackworth of Hackworth Law, P.A., Tampa, for Appellee D.L.

Thomas J. Butler of Thomas Butler, P.A., Miami Beach, for Appellee N.L.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Sarah Todd Weitz, Senior Attorney, Appellate Division, Tallahassee, for Appellee Guardian ad Litem Office.

VILLANTI, Judge.

The Department of Children and Families appeals the order placing D.L. and N.L.'s son, H.L., in a permanent guardianship with D.L. and terminating protective supervision. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(x). Because the Department was not provided prior notice of D.L.'s ore tenus motion for permanent guardianship, we reverse. D.L., N.L., and the Guardian ad Litem all rightly concede error on this issue.

At the September 18, 2024, judicial review, H.L.'s father, D.L., orally moved for permanent guardianship. D.L. called one witness, N.L., the mother, who testified that she did not oppose. The Department objected that the court could not lawfully place H.L. in a permanent guardianship with D.L. because H.L. had not been placed with D.L. for the length of time required by section 39.6221(1)(a), Florida Statutes (2024). The court granted the motion.

The Department timely moved for rehearing and argued, inter alia, that due process was violated because no written motion or notice was provided prior to the hearing on September 18, 2024, that the father would be seeking to close the case through permanent guardianship.

We have consistently held that the Department's failure to notify a parent of its intent to seek a permanent guardianship violates due process. *K.B. v. Dep't of Child. & Fam.*, 204 So. 3d 120, 120–21 (Fla. 2d DCA 2016); *J.B. v. Dep't of Child. & Fam. Servs.*, 130 So. 3d 753, 756–57 (Fla. 2d DCA 2014); *P.P. v. Dep't of Child. & Fam. Servs.*, 86 So. 3d 556, 559–60 (Fla. 2d DCA 2012); *T.H. v. Dep't of Child. & Fam. Servs.,* 928 So. 2d 1291, 1294 (Fla. 2d DCA 2006). We see no reason why the Department does not also have the right to be notified that a parent intends to seek permanent guardianship. *See, e.g., Dep't of Child. & Fam. v. K.H.,* 937 So. 2d 807, 808 (Fla. 5th DCA 2006).

2

Here, the circuit court's order placing H.L. in a permanent guardianship and terminating protective supervision violated the Department's due process rights because D.L. failed to notify the Department that he would move for permanent guardianship at the September 18, 2024, judicial review.

Reversed and remanded.

LaROSE and MORRIS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.