616 So.2d 127 (1993)
In the Interest of C.W. and S.W.R.W., Children.
Sue Ann WIGGINS, Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 92-03488.
District Court of Appeal of Florida, Second District.
March 24, 1993.
Dee A. Setchel, St. Petersburg, for appellant.
Cynthia D. Ennis, St. Petersburg, for appellee.
RYDER, Acting Chief Judge.
Sue Ann Wiggins, the mother of C.W. and S.W.R.W., seeks review of the trial court's order terminating her parental rights to the children. We affirm.
C.W. and S.W.R.W. were first adjudicated dependent, based on allegations of medical neglect in 1985. In April 1988, the children were removed from the home of Mr. and Mrs. Wiggins for neglect. The home was dirty, cluttered and messy. The children were wearing filthy clothes and had no clean clothes available. There was no food in the refrigerator and there were roaches throughout the home.
Mrs. Wiggins has not had sole custody of the children since 1988. HRS attempted to place the children with a family member, both as sole custodian and as joint custodian with Mrs. Wiggins and the children's father, but these placements were not successful. The children have been in foster care since July 1990.
Mrs. Wiggins has been diagnosed as a schizophrenic. When the children were removed from her home in April 1988, she could not comprehend any questions and appeared to be out of touch with reality. In September 1990, she entered into a performance agreement, which identified certain mental health tasks for her to complete. These tasks included submitting to a psychological examination and following the psychologist's recommendations, contacting her psychiatrist and following his recommendations, taking her medication as prescribed and conducting herself in a rational manner.
The evidence established that Mrs. Wiggins did not substantially comply with the performance agreement. On April 5, 1991, she had still not submitted to a psychological examination, so the court ordered her to do so. On the court-appointed date, April 26, 1991, she arrived over one hour late for her examination and stayed less than one-half hour. She did return for an evaluation on August 9, 1991. At that time, the psychologist, Dr. Marcic, recommended that she continue her psychiatric care with Dr. Holliday and comply with his treatment recommendation. Mrs. Wiggins saw Dr. Holliday sporadically. Dr. Holliday's treatment included taking medication. He testified *128 that he had severe doubts that she was actually taking her medication and did not find her really committed to treatment. An adult daughter also testified that Mrs. Wiggins did not take her medication.
Mrs. Wiggins relies on In the Interest of T.D., 537 So.2d 173 (Fla. 1st DCA 1989) for the proposition that mental illness is a condition beyond an individual's control and cannot be the basis for termination of parental rights. T.D. is distinguishable; the only evidence of neglect in that case was that the mother failed to stimulate the child. C.W. and S.W.R.W. were found dirty and hungry in a home infested with roaches. Mrs. Wiggins's failure to comply with her performance agreement provides additional evidence of neglect. § 39.467(3)(e), Fla. Stat. (1991).
An illness beyond the parent's control can support termination of parental rights when it is accompanied by neglect and the evidence before the court establishes that such neglect would continue in the future. In the Interest of R., 591 So.2d 1130 (Fla. 4th DCA 1992); In the Interest of J.L.P., 416 So.2d 1250 (Fla. 4th DCA 1982). The evidence of Mrs. Wiggins's past and potential future neglect of these children was clear and convincing.
Affirmed.
SCHOONOVER and THREADGILL, JJ., concur.