670 So.2d 1072 (1996)
In the Interest of D.H., a child.
B.L.H., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 95-01651.
District Court of Appeal of Florida, Second District.
March 20, 1996.
Michael P. Reiter, North Fort Myers, for Appellant.
Steven L. Studybaker, Senior Attorney, Department of Health and Rehabilitative Services, Fort Myers, for Appellee.
FRANK, Acting Chief Judge.
B.L.H., the natural mother of D.H., has appealed from an order terminating her parental rights. The order is predicated on the ground that her mental condition rendered her ineffective to parent the child. We find that there was insufficient evidence to justify permanent severance of B.L.H.'s ties to her child.
This case began in 1992 when B.L.H. was accused of striking her then four-year old son with a broom. This incident was never fully confirmed, and medical examinations revealed no trauma to the child. B.L.H. nevertheless consented to a dependency finding. From the record before us this instance of possible physical abuse appears to be isolated.
Once B.L.H. came under HRS scrutiny, however, the investigation focused upon her mental capacity and emotional stability. A parent's chronic mental illness can indeed undergird a termination of rights, as this court approved in In the Interest of C.W. and S.W.R.W., 616 So.2d 127 (Fla. 2d DCA 1993). *1073 That case involved a schizophrenic mother who did not comply with recommended psychiatric treatment including medication. Further supporting the termination, however, was evidence of severe neglect of the children, who were found filthy and hungry in a roach-infested home.
In this case the evidence of neglect is minimal. The expert witnesses, including psychiatrists, psychologists, and social workers, were far from unanimous in an opinion that B.L.H.'s rights should be terminated. The evidence indicated that the mother completed parenting classes, appeared for many psychological evaluations, and attempted visitation with her child. Although her behavior was unquestionably bizarre at times, the fact is that not one health care provider testified that he or she recommended specific treatment and/or medication with which B.L.H. did not comply. In fact, B.L.H.'s "regular" psychiatrist, who treated her sporadically, recommended no medication at all. Thus, the mother cannot be said to have failed to comply with a performance agreement on that basis. Although some HRS workers appear to have had difficulty locating B.L.H., and there was some evidence that she frequently changed her residence, B.L.H.'s mother indicated that she owned a more than adequate home in which B.L.H. and her child could reside, and in which B.L.H. had in fact lived for two years.
The testimony at the termination hearing centered on B.L.H.'s mental status. It is without doubt that the mother suffers from some degree of personality disorder, perhaps an organic impairment, and at least one psychiatrist expressed a gloomy prognosis, speculating that the child would be unsafe in the mother's custody and that she would have difficulty ever being able to comply with the requirements of the "system." Other social and mental health professionals who examined B.L.H. expressed conflicting diagnoses or opinions, suggesting that medication might be of value, but they were unable to conclude that termination was warranted. One social worker who met with the mother in 1993-94 testified that parental rights should not be terminated because the child was not in danger from B.L.H. and that many people have personality characteristics similar to those that handicap B.L.H.
The record in its entirety does not reveal clear and convincing evidence of abuse or neglect, either past or prospective. The court did not find that B.L.H. failed to comply with her permanent placement plan. The order of termination is deficient in satisfying the criteria set forth in section 39.467(5), Florida Statutes (1995), by failing to disclose that the requisites expressed in section 39.464, Florida Statutes (1995), have been met. The manifest best interests of the child, section 39.4612, Florida Statutes (1995), have not been given detailed attention. For these reasons, the order terminating parental rights is reversed and this case is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
PARKER and FULMER, JJ., concur.