685 So.2d 92 (1997)
P.A., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 95-4084.
District Court of Appeal of Florida, Fourth District.
January 2, 1997.
Victoria Vilchez-Sinclair, West Palm Beach, for appellant.
Charles D. Peters, West Palm Beach, for appellee.
POLEN, Judge.
P.A., the natural mother of two minor children, appeals an order terminating her parental rights pursuant to section 39.464(1)(e), Florida Statutes (1995). The department[1] alleged that P.A. had not substantially complied with her performance agreement, in which she was assigned four tasks.[2] At the adjudicatory hearing, P.A.'s evidence that she substantially met the four goals was essentially unrebutted. The trial court's order does not find otherwise. The termination order indicates that the trial court's greater concern was P.A.'s chronic bipolar mental disease. We reverse the termination order because the record does not contain clear and convincing evidence of P.A.'s failure to substantially comply with the plan. Further, there was no clear and convincing *93 evidence of past abuse, neglect or abandonment.
A court appointed psychiatrist testified P.A.'s bipolar disease rendered her an unpredictable parent, who could not be trusted to make sound judgments concerning her children. While the condition cannot be cured, the symptoms can be controlled by medication. P.A.'s treatment has not been entirely successful; she was hospitalized three times while her children were in foster care. The expert was concerned because there appeared to be no other adult in the children's lives who could monitor P.A.'s emotional state and care for the children if she is hospitalized again. The record is silent as to whether there is any such person available.
In B.L.H. v. Department of Health and Rehabilitative Services, 670 So.2d 1072 (Fla. 2d DCA 1996), the second district faced an issue factually similar to the one at bar. It recognized that chronic mental illness could be a basis for termination of parental rights, citing its earlier opinion in Wiggins v. Department of Health and Rehabilitative Services, 616 So.2d 127 (Fla. 2d DCA 1993). In Wiggins, however, the mother had not complied with the psychiatrist's recommendations for medication, and there was evidence of past neglect, where the children "were found filthy and hungry in a roach-infested home." B.L.H., 670 So.2d at 1073. By contrast, in the B.L.H. case, the second district noted there was minimal evidence of neglect, and the mother substantially complied with her permanent placement plan. Accordingly, the order of termination in B.L.H. was reversed for further proceedings. We believe the trial court here similarly erred in terminating P.A.'s parental rights, primarily on her mental status, without first exploring other options, as discussed below.
We are concerned that the department did not meet its statutory responsibilities in this case. When a parent and the department enter into a case plan, the department must make reasonable efforts to reunify the family. § 39.464(1)(e), Fla. Stat. Those efforts were not made here. Instead of monitoring P.A.'s progress, assisting her with visiting her children and helping her receive the services she needed to become a capable parent, the department deferred those duties to an employee of the mental health center that treated P.A. The case manager of the 45th Street Clinic spoke positively of P.A.'s efforts.
Termination would not have been proper if P.A.'s ability to comply was affected by the department's failure to provide reasonable assistance. § 39.464(1)(e), Fla. Stat. However, we agree with the trial court that there remains a risk of future neglect if the children are returned to P.A. now.
On remand, the trial court shall consider less restrictive alternatives to termination, including a new case plan that meets the requirements of section 39.4031(6), Florida Statutes, and addresses the concerns identified at the hearing. The question of termination can be revisited if P.A. fails to substantially comply with the new case plan despite reasonable efforts by the department, or if it is found pursuant to section 39.464(c) that reunification would threaten the children's well-being "irrespective of the provision of services."
PARIENTE and GROSS, JJ., concur.
NOTES
[1] Name changed to Department of Children and Family Services by Florida Laws Chapter 96-403.
[2] Such an agreement is now called a "case plan." § 39.4031, Fla. Stat. (1995).