751 So.2d 667 (2000)
In the Interest of A.C. and A.M., children.
S.P., Appellant,
v.
State of Florida, Department of Children and Families, Appellee.
No. 98-04724.
District Court of Appeal of Florida, Second District.
January 12, 2000.
*668 Robin H. Stevenson, Bartow, for Appellant.
Douglas Sherman and Renee M. Reid, Bartow, for Appellee.
PARKER, Acting Chief Judge.
S.P. appeals the final judgment terminating her parental rights to her children, A.C. and A.M. Because the final judgment does not comply with the statutory requirements, we reverse.
The Department of Children and Families (the Department) filed an initial shelter petition as to A.C. and A.M. based on allegations that S.P. abused and neglected them. The trial court entered a shelter order placing both children into the care of their paternal grandmother and appointing a guardian ad litem to represent the interests of the children throughout the proceedings. The Department subsequently filed a petition alleging dependency and requesting termination of S.P.'s parental rights based on allegations that S.P.'s livein boyfriend abused A.C., that S.P. knew of the abuse, and that S.P. did nothing to stop or prevent the abuse. Following an adjudicatory hearing on the allegations, the trial court took the case under advisement. After a review of all the evidence, the trial court entered a final judgment terminating S.P.'s parental rights. Despite some record evidence supporting the Department's allegations, we are compelled to reverse the final judgment as legally insufficient because the final judgment fails to address the statutory factors listed in section 39.4612, Florida Statutes (1997), concerning the manifest best interests of the children.
In making a decision on a petition for termination, the trial court must find, among other things, that the manifest best interests of the child would be served by granting the petition. See §§ 39.4611(1), 39.467(1), Fla. Stat. (1997). Section 39.4612 lists eleven statutory factors for the court to consider in determining the manifest best interests of the child. Section 39.467(5), Florida Statutes (1997), requires the trial court to enter a written order containing the findings of fact and conclusions of law that support its decision. This court has held that the trial court's written order must establish that the court considered and evaluated each of the eleven statutory factors in reaching its decision as to the manifest best interests of the child. See In re D.H., 670 So.2d 1072 (Fla. 2d DCA 1996) (reversing an order terminating parental rights and remanding for further proceedings because the order of termination failed to give detailed attention to the manifest best interests of the child); In re C.K., 601 So.2d 1331 (Fla. 2d DCA 1992) (reversing an order terminating parental rights and remanding for further proceedings because neither the order nor the transcript established that the trial court had considered the required statutory factors).
In this case, neither the trial court's final judgment nor the transcript of *669 proceedings contains any findings of fact or conclusions of law as to the manifest best interests of the children. In the absence of written findings, the final judgment does not satisfy the statutory requirement that the trial court consider and evaluate the manifest best interests of the children. Therefore, the final judgment terminating S.P.'s parental rights must be reversed.
We also note that in conducting adjudicatory hearings in termination cases, the trial court is required to abide by the rules of evidence used in civil cases. See § 39.467(3), Fla. Stat. (1997). While there was evidence before the trial court that might permit entry of a final judgment terminating S.P.'s parental rights, some of that evidence was inadmissible.[1] It appears likely from the language of the final judgment that the trial court considered this inadmissible evidence in reaching its decision. Upon remand, the trial court should consider only the admissible evidence presented at the adjudicatory hearing. If the trial court finds the admissible evidence sufficient to support findings as to the required statutory elements, the trial court may enter a new final judgment terminating S.P.'s parental rights, which clearly lists the admissible evidence supporting its decision. Otherwise, S.P. is entitled to a new trial in this matter.
Reversed and remanded.
FULMER and GREEN, JJ., Concur.
NOTES
[1] Inadmissible evidence presented during the adjudicatory hearing included: (1) hearsay testimony concerning the contents of anonymous telephone calls; (2) hearsay testimony concerning the contents of the Department's case file when the file was never offered into evidence; (3) testimony by the guardian ad litem despite the fact that the guardian ad litem did not file the report required by section 39.465(2)(b)1., Florida Statutes (1997), prior to the hearing; (4) recommendations made by the guardian ad litem based solely upon the testimony of the other witnesses at trial; (5) testimony by A.C.'s treating physician as to hearsay statements of A.C. admitted without conducting the hearing required by section 90.803(23), Florida Statutes (1997); and (6) a letter from a licensed clinical social worker documenting her findings, which was filed in the court file but never admitted into evidence.