906 So.2d 1183 (2005)
K.J., The Mother, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 4D04-4299.
District Court of Appeal of Florida, Fourth District.
July 13, 2005.
Dawn G. Kirk, Fort Pierce, for appellant.
Pilar Harris and Crystal Y. Yates-Hammond, Fort Pierce, for appellee.
TAYLOR, J.
The mother appeals a final order terminating parental rights to her daughter, K.J., based upon her failure to substantially comply with the case plan. We reverse, because the order is not supported by clear and convincing evidence.
On May 16, 2003, when the child was nineteen months old, she was removed from her mother's custody and placed in shelter care based on allegations that the mother, who had a history of drug abuse, was not maintaining stable housing or income. The Department of Children and Family Services also alleged that the mother had a criminal record and that a bench warrant had been issued for her failure to appear on pending charges. A few days later, the mother was arrested on the outstanding felony warrants. On June 23, 2003, the department filed a petition for adjudication of dependency.[1]
In August 2003 the mother resolved her pending criminal case. She was placed on probation with a special condition that she obtain treatment for substance abuse at a residential program. On September 2, 2003, the juvenile court adjudicated the child dependent pursuant to the mother's *1184 consent plea and approved a case plan with a goal of reunifying the mother and child. The case plan contained the following five tasks directed to the main goal of addressing her drug addiction:
1. Successfully complete the residential substance abuse program at CRC;
2. Cooperate with random drug screening for substance abuse;
3. Refrain from possessing or consuming illegal drugs;
4. Refrain from contact with individuals involved in illegal substances and/or alcohol abuse;
5. Refrain from committing new law violations and comply with terms of the mother's probation.
On August 8, 2003, the mother entered the Counseling and Recovery Center (CRC), a residential substance abuse treatment center. She remained there until November 4, 2003, when she was discharged from the program for inappropriate sexual contact with another resident in the program. Before that incident, the mother was in full compliance with her treatment program and maintaining sobriety. Following her discharge from CRC, the mother continued her sobriety, complied with house arrest conditions, attended meetings, and maintained contact with her probation officer. Nevertheless, because her discharge from CRC violated a term of her probation, a warrant was issued for her arrest. She voluntarily surrendered to the warrant and was sentenced to serve twenty-five months in prison. Her anticipated release date was May 17, 2005.
While the mother was still in custody, the department filed a petition for termination of parental rights. Following a final hearing on the petition, the court entered an order terminating the mother's parental rights on the sole ground that the mother failed to substantially comply with her case plan under section 39.806(1)(e). In its order, the court acknowledged that the mother was unable to comply with those portions of the case plan requiring her to provide support and housing for the child due to her confinement in the residential drug program, jail, or prison for all but two weeks during the case plan. However, the court determined that the mother's failure to successfully complete the CRC residential drug treatment program constituted substantial noncompliance. The mother appealed the order terminating her parental rights.
Pursuant to section 39.806(1)(e), Florida Statutes, a parent's failure to substantially comply with a case plan within twelve months of placement of the child in a shelter or an adjudication of dependency constitutes evidence of continuing abuse, neglect or abandonment and may serve as a ground for termination of parental rights. However, the failure to comply with a case plan may not be used as a ground for termination of parental rights if the failure is due to the parent's lack of financial resources or the failure of the department to make reasonable efforts to reunify the parent and child.
Substantial compliance is defined in section 39.01(68), which states:
Substantial compliance means that the circumstances which caused the creation of the case plan have been significantly remedied to the extent that the well-being and safety of the child will not be endangered upon the child's remaining with or being returned to the child's parent.
In this case, it was undisputed that the mother's difficulties in maintaining stable income and housing for the child stemmed from her drug dependency. The case plan was aimed primarily at resolving this issue. At the hearing on termination of parental rights, the department focused on the mother's failure to complete the residential *1185 substance abuse program at CRC and comply with this term of her probation. The mother entreated the court to consider the substantial progress she had made towards achieving the case plan's intended goal of drug rehabilitation. She admitted that she had developed a cocaine habit before her daughter was removed from her home. But before she enrolled in CRC, she had never received any drug abuse counseling. She remained in CRC's six-month program for three months until she was discharged for a rule violation. A CRC drug counselor testified that when the mother was enrolled at CRC she was focused on her goal of drug prevention. She willingly submitted to drug testing and never tested positive. The counselor said that she saw the mother as "someone with a reasonable chance of success."
In its order terminating the mother's parental rights, the court acknowledged that the mother had complied with those tasks requiring her to enroll in a residential drug treatment program, submit to drug screening, and refrain from using drugs and committing new law violations. The court determined, however, that her failure to successfully complete CRC, which also resulted in a violation of probation, constituted a failure to substantially comply with the case plan. The record contains no evidence that the department made reasonable attempts to provide the mother with services needed to meet the case plan goals. There is no testimony or other evidence concerning any efforts by the department to refer the mother to other residential treatment programs or to provide her with information about alternative drug programs during the pendency of her case plan. Moreover, the record contains no evidence suggesting that the mother was unwilling to seek drug treatment.
In P.O. v. Department of Children and Families, 840 So.2d 360 (Fla. 4th DCA 2003), we affirmed termination of the mother's parental rights because the mother failed to comply with case plan requirements relating to drug treatment. But the mother in P.O., unlike the mother in this case, persisted in her drug usage over the course of her case plan and showed resistance to treatment. P.O. was given numerous opportunities to complete a drug program. After she was discharged from CRC's day treatment program, she was given a chance to enter its residential program. She left the residential program after the second day of treatment. Nevertheless, P.O.'s drug counselor continued to provide her with information on several other residential programs and actively sought space for her in some of them. Although we criticized DCF for delegating its statutory duty to provide services to CRC, we recognized that P.O.'s failure to substantially comply with her case plan was not due to any lack of reasonable efforts on DCF's part. We noted that the CRC counselor "bent over backwards" in attempting to help P.O. resolve her drug problem.
Similarly, the mother facing termination of her parental rights in S.J. v. Department of Children and Family Services, 866 So.2d 770 (Fla. 4th DCA 2004), was offered extensive assistance in dealing with her substance abuse problem. Yet S.J. was twice discharged from an outpatient drug treatment program and refused to enroll in an inpatient treatment program. Also, while the department was continuously providing her services, S.J. was repeatedly getting arrested for new crimes. In affirming the termination of S.J.'s parental rights, we stated that a parent's drug addiction may warrant termination of parental rights where the parent is not amenable to treatment. Id. at 771.
In contrast, the record in this case reflects that the mother made considerable *1186 progress towards overcoming her drug addiction. She maintained sobriety and, based on her counselor's assessment, would likely have completed a residential drug program had she been given another opportunity. But that did not happen. The record is devoid of any evidence that the department stepped in to assist the mother in finding other adequate treatment after her discharge from CRC, even though her discharge was for violation of a house rule, rather than a drug relapse. There is nothing in the record indicating that the department monitored the mother's drug rehabilitation efforts or even communicated with her regarding a reassessment or the possibility of amending or extending her case plan under the circumstances.
In T.M. v. Department of Children and Families, 905 So.2d 993 (Fla. 4th DCA 2005), we recently held that an incarcerated father's parental rights could not be terminated for failure to comply with his case plan absent a showing that the department made reasonable efforts to assist the father in securing the type of services he would need to substantially comply with his case plan while in prison.
Although the evidence in this case showed that the mother failed to successfully complete the drug program at CRC, the department fell short of establishing by clear and convincing evidence that the mother failed to substantially comply with her case plan. The unrebutted evidence shows that the mother made significant progress towards the goal of drug rehabilitation and demonstrated her amenability to treatment by remaining drug-free during and after her treatment at CRC. Further, there is no evidence that the mother had the opportunity to obtain drug treatment comparable to that provided by CRC while she was incarcerated. Parental rights may not be terminated for lack of compliance where compliance is not possible. See E.L.H., Jr. v. State, 687 So.2d 924, 925 (Fla. 2d DCA 1997) (stating that "where a court is terminating parental rights based on a parent's failure to comply with a case plan or a performance agreement, it is axiomatic that the parent must have the substantial ability to comply with the plan or agreement").
Moreover, from this record, we cannot say that the mother's ability to fully perform her case plan obligations was not affected by the department's failure to assist her with achieving her goal. Termination of parental rights is not proper if the parent's ability to comply was affected by the department's failure to provide reasonable assistance. See P.A. v. Dep't of Health and Rehab. Serv., 685 So.2d 92, 93 (Fla. 4th DCA 1997) (disapproving the department's delegation of its duty to provide services to another agency and holding that termination is not proper if the parent's ability to comply was affected by the department's failure to provide reasonable assistance).
As a final note, we find that the department failed to meet its burden of demonstrating by clear and convincing evidence that termination of the mother's parental rights was in the child's manifest best interest and that it was the least restrictive means of protecting the child from serious harm. See B.C. v. Fla. Dep't. of Children and Families, 887 So.2d 1046 (Fla.2004) (holding that because parental rights constitute a fundamental liberty interest, the state must establish in each termination of parental rights case that termination is the least restrictive means of protecting the child from serious harm); J.J. v. Dep't of Children and Families, 886 So.2d 1046 (Fla. 4th DCA 2004) (stating that in addition to finding that a statutory ground for termination has been established, the court must also find that clear and convincing evidence proved that termination *1187 is in the manifest best interest of the child).
Based on the foregoing, we reverse the order terminating the mother's parental rights and remand with directions to the trial court to consider less restrictive alternatives to termination, including re-adjudicating the child dependent and offering the mother a new case plan with adequate services to address any unresolved issues. The court may, of course, revisit the issue of termination of parental rights if the mother fails to substantially comply with a new case plan, despite reasonable efforts by the department to provide services, or if the court determines that termination is warranted under other statutory grounds for termination. See P.A., 685 So.2d at 93 (reversing termination of parental rights and directing the trial court on remand to consider less restrictive alternatives to termination, including a new case plan that would meet statutory requirements and address concerns identified at a prior hearing).
Reversed and Remanded.
WARNER and KLEIN, JJ., concur.
NOTES
[1] The child's father surrendered his parental rights and is not part of this appeal.