963 So.2d 947 (2007)
K.F., the Mother, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D07-1315.
District Court of Appeal of Florida, Fourth District.
September 5, 2007.
Felicia Shaman of the Law Office of Felicia Shaman, P.A., Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey P. Bassett, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
This appeal involves a change of custody for two children who had been adjudicated dependent, but who remained in their mother's custody. Because there was no competent, substantial evidence in the record that the change of custody from the mother to foster care was in the best interests of the children, we reverse.
B.W. was adjudicated dependent in 1996 and I.F. in 2001. Protective supervision was terminated in July of 2003. In August of 2005, protective supervision was reinstituted after the Department of Children and Families ("DCF") filed a motion alleging that I.F. had been left without adult supervision, an allegation similar to the one that had given rise to the dependency proceedings involving I.F., and that I.F. had bruises as a result of being hit with a belt buckle by his father. The parents entered into a case plan with DCF, but the children were permitted to remain in the mother's custody.
More than a year later, DCF filed a motion seeking to modify the placement of the children with the mother, K.F., alleging the mother was allowing two non-relative tenants, both of whom had criminal records, to reside in the home and to be alone with the children. The matter was referred to a general master, who denied the motion, but ordered the mother not to leave the children alone with the individuals. When the case came for judicial review before the circuit court, however, the trial court ordered the mother to remove the tenants from the home within seven days or have her children removed from her custody. The mother failed to remove the tenants within the seven days and DCF filed a second motion to modify the children's placement. In a largely form order, the trial court found that placement outside of the home was in the children's best interests and ordered them removed from the mother's custody and home and placed into foster care. The mother has appealed, raising a number of issues. We write to address only onethe mother's claim that there was not competent, substantial evidence to support a finding that *949 removing the children from her custody was in the best interests of the children.
Section 39.522, Florida Statutes, governing postdisposition changes of custody, provides that the standard for such a change in custody "shall be the best interest of the child." § 39.522(1), Fla. Stat. (2006). In this case, the change of custody was sought as a consequence of DCF's allegations that the mother was renting rooms to two individuals with criminal histories. The only evidence on this matter that appears in the record on appeal is a report, attached to DCF's motion for modification and filed by a child advocate, indicating a background screening reflected one of the renters has five open felony charges and a criminal history that includes animal cruelty and possession of cocaine charges and the other a background that included cocaine, prostitution, disorderly conduct, disorderly intoxication and assault charges. There is, however, no evidence indicating the nature of the open charges, how long ago any convictions took place, whether the individuals are currently involved in drugs or alcohol, whether the individuals are engaging in criminal activity from the house, whether the children are being exposed to and spending time with these individuals, or whether the children were being left alone with these individuals. Absent evidence of this nature, there was no competent, substantial evidence to support the trial court's conclusion that removing the children from their mother's custody and home, and placing them in foster care, was in their best interests. See M.A. v. Dep't of Children & Families, 906 So.2d 1226, 1227 (Fla. 1st DCA 2005) (looking to whether trial court's factual findings concerning best interests of the child are supported by competent, substantial evidence and applying abuse of discretion standard of review).
Accordingly, we reverse the order removing the children from the mother's custody. Of course, should additional facts come to light indicating that the custodial arrangement with the mother is no longer in the best interests of the children, the matter may be revisited upon the filing of an appropriate motion.
Reversed and Remanded.
STONE, STEVENSON and HAZOURI, JJ., concur.