976 So.2d 652 (2008)
J.R., the Mother, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D07-3894.
District Court of Appeal of Florida, Fourth District.
March 12, 2008.
*653 Kenneth B. Williams, Coral Springs, for appellant.
Bill McCollum, Attorney General, Tallahassee and Jeffrey P. Bassett, Assistant Attorney General, for appellee.
MAY, J.
The mother appeals a post-disposition order that modified her visitation rights to her child. She raises two issues: (1) the court erred in failing to include specific findings of fact to support the modification; and (2) the court erred in modifying her visitation rights. We reverse.
The court adjudicated the child dependent after the mother consented to the second amended petition for dependency filed by the Department of Children and Families [DCF]. The court ordered visitation for the mother to be "therapeutically supervised by Kids in Distress or other approved therapeutic Supervision Provider" and approved a reunification case plan. The court subsequently entered a disposition order, including out-of-home placement in foster care with weekly, therapeutically supervised visitation. The mother was ordered to complete various tasks, including domestic violence victim and parenting classes.
Less than two weeks later, DCF filed an emergency motion to prohibit contact with the mother. The motion described "several incidents involving the mother and various staff at the Childnet offices and at the Kids in Distress campus before, during, and after, the mother's supervised, therapeutic visits with the child." After taking testimony from a child advocate and licensed psychologist, the court ordered that the mother's "visitations with the child shall be suspended, until the Court can be assured that the mother's mental health is stabilized and any further visitation will not occur unless and until it is therapeutically indicated." The court did not, however, make specific findings of fact supporting its decision.
The DCF concedes the order fails to contain specific findings of fact and requests that the case be remanded to the trial court for this purpose. While the cases cited by the mother do not involve post-disposition visitation orders, Rule 8.260(a) of the Florida Rules of Juvenile Procedure requires all orders of the court to "contain specific findings of fact and conclusions of law." For this reason, we must reverse and remand the case to the trial court. However, having reviewed the record presented, there is competent, substantial evidence to support the trial court's ultimate conclusion to suspend the mother's visitation in the best interests of the child. K.F. v. Dep't of Children & Families, 963 So.2d 947, 948-49 (Fla. 4th DCA 2007).
Affirmed in part, Reversed in part, and Remanded.
SHAHOOD, C.J. and POLEN, JJ., concur.