988 So.2d 1247 (2008)
C.A., the Mother, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES and Guardian Ad Litem Program, Appellees.
No. 4D08-1297.
District Court of Appeal of Florida, Fourth District.
August 27, 2008.
*1248 Lori D. Shelby, Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey P. Bassett, Assistant Attorney General, Fort Lauderdale, for appellee Department of Children and Families.
Annette M. Lizardo, Orlando, for appellee Guardian Ad Litem Program.
PER CURIAM.
C.A., the mother, appeals the trial court's termination of protective supervision and placement of V.A., the child, in a permanent guardianship with her grandparents. We reverse and hold that the trial court abused its discretion when it placed V.A. in a permanent guardianship due to the mother's failure to complete her case plan, as it was impossible for the mother to complete all of her tasks.
V.A. initially came under the protective supervision of the Department of Children and Families due to the disabled mother's dependency on prescription medications for her pain management. In January of 2007, the trial court adjudicated V.A. dependent and placed her in her maternal grandparents' home. The Department created a case plan for the mother with the goal of reunification of the mother and child. The mother completed a substance abuse evaluation and, based on the results, she was advised to obtain a medical evaluation at the University of Miami to explore non-narcotic alternatives for her pain management. Sometime between December of 2007 and January of 2008, the mother's case plan was amended to reflect that additional task. Thereafter, the mother applied for financial aid to obtain the University of Miami medical evaluation and was placed on a waiting list.
At the March 12, 2008 permanency hearing, the entirety of the evidence related to the mother's case plan compliance. As this case arose out of the mother's dependency on prescription pain medications, it was evident that the University of Miami medical evaluation was the most important remaining task. The evidence established that the mother remained on the waiting list for that medical evaluation, through no fault of her own. Additionally, the mother had recently begun her individual and family counseling tasks, after some delay involving financial aid administration. Based on the mother's failure to complete her case plan tasks, the trial court ruled that "the reasons that the case came into care have not been remedied" and concluded that reunification is not in the best interests of the child. The trial court observed, "[t]he mother has been ordered in the case plan to have a medical evaluation to see if she can be taken off the long list of medications that she had been abusing for quite some time, which 15 months later Mom still hasn't had that medical evaluation."
The placement of a child in a permanent guardianship requires a finding by the trial court that reunification or adoption is not in the best interests of the *1249 child, and that finding must be supported by competent substantial evidence in the record.[1] § 39.6221(1), Fla. Stat. (2007); see J.R. v. Dep't of Children & Families, 976 So.2d 652 (Fla. 4th DCA 2008) (reviewing the trial court's findings concerning the best interests of the child for competent substantial evidence). Under the permanent guardianship statute, a parent's failure to comply with a case plan is not a stated ground for placing the child in a permanent guardianship; however, it may be relevant to the trial court's inquiry regarding the fitness of the parents to care for the child and whether reunification is possible. By comparison, pursuant to section 39.806(1)(e), Florida Statutes, a parent's failure to substantially comply with a case plan may serve as a ground for termination of parental rights, unless the failure to comply is due to the parent's lack of financial resources or to the failure of the department to make reasonable efforts to reunify the parent and child. § 39.806(1)(e), Fla. Stat. (2007), amended by Ch. 2008-245, § 16, at 18-19, Laws of Fla.; see K.J. v. Dep't of Children & Family Servs., 906 So.2d 1183, 1184 (Fla. 4th DCA 2005).
We hold that the trial court abused its discretion when it placed V.A. in a permanent guardianship and terminated protective supervision due to the mother's noncompliance with her case plan, since the record clearly establishes that compliance was not possible due to the mother's lack of financial resources. See G.S. v. T.B., 985 So.2d 978, 982 (Fla.2008) (applying an abuse of discretion standard to a trial court's determination regarding a child's best interests); K.J., 906 So.2d at 1186 ("Parental rights may not be terminated for lack of compliance where compliance is not possible."). In addition to the fact that the mother had done all she could to take part in the medical evaluation, the record reflects that this task became a part of the amended case plan only three months prior to the permanency hearing, rather than fifteen months, as the trial court noted.
Accordingly, we reverse the order placing V.A. in a permanent guardianship and remand with instructions that protective supervision be reinstated and that the mother be given additional time to complete her case plan. In light of this decision, the mother's argument concerning the vagueness of the visitation schedule is moot. However, since the issue may recur in the future, we note that the statute directs the trial court to "[s]pecify the frequency and nature of visitation or contact between the child and his or her parents." § 39.6221(2)(c), Fla. Stat. (2007).
Reversed.
STEVENSON, MAY, JJ., and LABARGA, JORGE, Associate Judge, concur.
NOTES
[1] Section 39.6221(2)(a) further instructs that the trial court, in its written order, shall "[l]ist the circumstances or reasons why the child's parents are not fit to care for the child and why reunification is not possible by referring to specific findings of fact made in its order adjudicating the child dependent or by making separate findings of fact." § 39.6221(2)(a), Fla. Stat. (2007).