18 So.3d 712 (2009)
In the Interest of J.S. and A.S., children.
J.S., Appellant,
v.
Department of Children and Family Services and Statewide Guardian Ad Litem Office, Appellees.
No. 2D09-404.
District Court of Appeal of Florida, Second District.
October 2, 2009.
*713 Jackson Stuart Flyte, Regional Counsel, Second District, and Robert D. Rosen, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Kelley R. Schaeffer, Assistant Attorney General, Tampa, for Appellee Department of Children and Family Services.
Annette M. Lizardo, Orlando, for Appellee Statewide Guardian Ad Litem Office.
MORRIS, Judge.
J.S., the mother, appeals an order placing her children, J.S. and A.S., into a permanent guardianship. Because there was competent, substantial evidence that J.S. was making a determined effort to rehabilitate herself, we reverse and remand for reinstatement of J.S.'s case plan.

I. Facts
In August 2006, the Department of Children and Family Services (DCF) filed a petition for adjudication of dependency based on neglect by both J.S. and the children's father due to deprivation of necessary food, clothing, shelter, or medical treatment. In December 2006, J.S. consented to an adjudication of dependency and a case plan was initiated. J.S. completed the initial case plan which resulted in the termination of supervision by DCF. However, in April 2008, that supervision was reactivated. At that time, the children were placed with the maternal grandparents. *714 Shortly thereafter, a new case plan was initiated with a completion date of April 2009.
In October 2008, DCF filed a motion to place the children into a permanent guardianship and to terminate protective services. DCF alleged that reunification was contrary to the welfare and best interests of the children. DCF also alleged the parents were not fit to care for the children and reunification was not possible "because of the circumstances from which the [c]ourt previously based its finding that the children are dependent in the order of adjudication." Finally, DCF alleged that the parents had not worked their case plan and had not resolved the issues of domestic violence, stable housing, or financial stability.
After a hearing, the trial court granted the motion. In one of two written orders,[1] the trial court found, in relevant part:
10. Reasonable efforts were made to prevent[] or eliminate the need for removal of the children from the home by the Department; however, there is a continued need for out-of-home placement to ensure the children's health, safety and well being.
11. Reunification with the parents at this time would be contrary to the welfare and not in the best interest of the children. The parents are not fit to care for the children and reunification is not possible because of the circumstances from which the court previously based its finding that the children are dependent in the order of adjudication, and in addition: The parents have not worked their case plan. They have not resolved the issues of domestic violence, stable housing or financial stability.

(Emphasis added.) Specifically regarding J.S., the court found that she was unemployed, lacked stable housing, and was noncompliant with domestic violence and couples counseling. As a result, the trial court terminated protective supervision and ordered that the children were to remain with the maternal grandparents in a permanent guardianship.

II. Analysis
We begin by noting that in its written order, the trial court was required to explain why reunification was not possible by either "referring to specific findings of fact made in its order adjudicating the child[ren] dependent or by making separate findings of fact[.]" § 39.6221(2)(a), Fla. Stat. (2008) (emphasis added). The order on appeal fails to comport with this requirement because it makes only a general reference to "the circumstances from which the court previously based its findings that the children are dependent."[2] The additional reference to the parents' failure to work the case plan would not be a sufficient ground, by itself, to support the guardianship placement. See C.A. v. Dep't of Children & Families, 988 So.2d 1247, 1249 (Fla. 4th DCA 2008).
However, the more troublesome issue is that DCF failed to present sufficient evidence to support the permanent guardianship. While there was some testimony at the hearing that J.S. did not yet have stable housing or financial stability, those issues were outweighed by what we have *715 determined were J.S.'s determined efforts to rehabilitate herself.
The caseworker testified that J.S. had obtained a domestic violence evaluation and was halfway through her domestic violence classes, was waiting on a background check for a prospective job, was doing a "great job," and was "getting the help that she needs." The maternal grandfather testified that J.S. was "doing good," that she called the children every night while she was away at treatment, and that he would like to see J.S. be allowed to finish her case plan or, at the very least, have unsupervised visitation. Additionally, there was testimony from both the caseworker and the maternal grandfather that the children were "doing fine" and were "thriving" in their placement with the maternal grandparents.
Such testimony weighs against a permanent guardianship placement because it not only indicates that J.S. was making determined efforts to rehabilitate herself but it also indicates that the children were in a secure and adequate placement. In similar circumstances, we have previously refused to interfere with a parent's fundamental right to have the custody and companionship of her children. See B.B v. Dep't of Children & Families, 793 So.2d 988, 989 (Fla. 2d DCA 2001) (holding that DCF acted prematurely in seeking termination of parental rights where mother was "making a determined effort to rehabilitate herself" and children were "well cared for and secure"). We see no need to rush to judgment under the facts of this case, and therefore, we reverse and remand for reinstatement of the most recent case plan. See J.H. v. Dep't of Children & Family Servs., 865 So.2d 634, 636 (Fla. 2d DCA 2004); C.A., 988 So.2d at 1249. As the time has already passed for completion of the case plan, the trial court should, on remand, give J.S. additional time in which to complete her case plan. See C.A., 988 So.2d at 1249. If at some point in the future J.S. becomes noncompliant with her case plan and there is evidence that reunification would be a detriment to the children's safety, well-being, and physical, mental, and emotional health, the trial court could again place the children into permanent guardianships. See J.H., 865 So.2d at 636. The trial court would then be required to comply with the dictates of section 39.6221(2)(a) and either refer to specific findings of fact from the adjudication of dependency or make separate findings of fact to support its ruling.
Reversed and remanded.
WALLACE and KHOUZAM, JJ., Concur.
NOTES
[1] The trial court issued two written orders placing the children into permanent guardianships, terminating supervision, and accepting a case plan. However, one of those orders was directed at the permanent guardians. This court is citing to the written order which is directed at the parents.
[2] In fact, the order appears to contain language which is very similar, and in some cases identical, to DCF's motion.