TAYLOR, J.
 

 The mother, C.A., appeals a trial court order placing her thirteen-year-old daughter in a permanent guardianship with the maternal grandparents and denying the mother’s motion for reunification. The Department of Children & Families concedes error as to the trial court’s failure to make specific written findings explaining why reunification was not possible. We accept this concession of error as proper because written findings are required by section 39.6221(2)(a), Florida Statutes (2009). Moreover, because we find that the record is devoid of competent substantial evidence to support the permanent guardianship determination, we reverse and remand for reunification of the child with the mother under the Department’s supervision.
 

 The record reveals that the trial court based its decision to place the child in permanent guardianship with the grandparents solely on the mother’s failure to complete her case plan to the Department’s satisfaction. However, as we stated in an earlier appeal in this case, a parent’s non-compliance with a case plan is not a statutory ground for placement of a child in a permanent guardianship, although it is a factor that may be “relevant to the trial court’s inquiry regarding the parent’s fitness to care for the child and whether reunification is possible.”
 
 See C.A. v. Dep’t of Children & Families,
 
 988 So.2d 1247, 1249 (Fla. 4th DCA 2008). Here, the evidence and findings do not show that the mother’s failure to complete her few remaining tasks has any bearing upon her fitness to care for the child or whether reunification would be detrimental to the child’s physical, mental, or emotional health.
 

 The main concern that led to the child’s dependency adjudication and placement in her maternal grandparents’ home in January 2007 was the mother’s dependency on prescription medication for pain management. The mother entered into a case plan requiring her to perform numerous tasks: obtaining individual and family counseling; undergoing psychological, substance abuse, and psychiatric evaluations; attending parenting classes; obtaining stable housing and income; and completing a comprehensive medical evaluation to evaluate non-narcotic alternatives. The trial court found that the mother completed all of her case plan tasks, except individual and family counseling. Further, the trial court found she had not sufficiently complied with an additional requirement to produce a prescription log.
 

 When this case was last before us, we remanded it to give the mother additional time to comply with her case plan, specifically to complete the “most important remaining task” — a medical evaluation at the University of Miami to explore nonnarcotic alternatives for her pain management.
 
 C.A.,
 
 988 So.2d at 1248. The mother has since completed the medical evaluation. The independent evaluator, Dr. Campillo at the University of Miami, concluded that the mother’s pain medication regimen is appropriate to her condition and recommended that she continue with her medication management. The guardian ad litem in this case recommended reunification, pointing out that the mother had raised the daughter for twelve years without any problems. The trial court acknowledged that the child is bonded to the mother.
 

 It is well-settled that the Department has the burden of proving that reunification with the parent would endanger
 
 *243
 
 the child.
 
 See In re A.M.,
 
 5 So.3d 809, 809 (Fla. 2d DCA 2009) (reversing permanent guardianship and ordering reunification where there was no competent substantial evidence in the record to support a determination that, at the time of the permanency hearing, reunification would have endangered the child’s safety, well-being, and health);
 
 C.D. v. Dep’t of Children & Families,
 
 974 So.2d 495, 501 (Fla. 1st DCA 2008) (reversing permanent guardianship and remanding for reunification under DCF supervision);
 
 G.V. v. Dep’t of Children & Families,
 
 985 So.2d 1243, 1247 (Fla. 4th DCA 2008) (ordering reunification where DCF’s only witnesses did not base their opinions opposing reunification on the statutory ground of endangerment to the children’s “safety, well-being, and physical, mental and emotional health”).
 
 See also In the Matter of Metz,
 
 175 Or. App. 15, 27 P.3d 156 (2001) (reversing termination of parental rights where evidence failed to support finding that mother’s prescription medications for her chronic pain made her unable to meet children’s needs).
 

 Here, the trial court made no findings, either orally or in writing, that reunification would endanger the child’s safety, well-being, and physical, mental, and emotional health, and there is no competent substantial evidence in the record to support such a determination. Given the protracted proceedings in this matter, including a prior reversal on appeal, we see no justification for remanding this matter solely to allow the Department another chance to retry the case and further delay the statutory goal of permanency of the child. Accordingly, we reverse the order placing the child in a permanent guardianship and remand for reunification of the child with the mother under the Department’s supervision.
 

 Reversed and Remanded with instructions that the motion for reunification be granted and DCF’s supervision reinstated.
 

 GERBER and LEVINE, JJ., concur.