48 So.3d 1035 (2010)
In the Interest of R.S., a child.
D.N., Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D10-3445.
District Court of Appeal of Florida, Second District.
December 15, 2010.
John E. Hendry, Regional Counsel, Second District, and Robert D. Rosen, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Kimberly G. Gore, Assistant Attorney General, Tampa, for Appellee Department of Children and Family Services.
KHOUZAM, Judge.
D.N. appeals an order placing his son, R.S., in a permanent guardianship and terminating the supervision of the Department of Children and Family Services. We reverse and remand with instructions that protective supervision be reinstated and that D.N. be given additional time to complete his case plan.
R.S. was adjudicated dependent in March 2009 based on prospective neglect due to D.N.'s incarceration and substance abuse problem. D.N. was given a case plan with the goal of reunification. D.N.'s case plan tasks included requirements that he commit no further law violations, visit and maintain contact with R.S., complete a parenting program, and submit to random drug screens. D.N. was unable to complete most of his case plan tasks, but he maintained contact with R.S. by writing him letters and speaking to him on the phone. D.N.'s tentative release date was August 16, 2010.
In December 2009, the Department filed a motion to place R.S. in a permanent guardianship and to terminate protective supervision. After a hearing, the trial court granted the Department's motion. The court found, in pertinent part:
11. Reunification with the parents at this time would be contrary to the welfare *1036 and not in the best interest of the child. The parents are not fit to care for the child and reunification is not possible because of the circumstances from which the court previously based its finding that the children is/are dependent in the order of adjudication, and in addition: ... The father, [D.N.], is incarcerated and cannot provide stable housing or finances.
The court also found that D.N. was noncompliant with his case plan but noted that D.N. was "not able to work on his case plan tasks due to being incarcerated."
On appeal, D.N. argues, and the Department concedes, that the written order fails to comply with section 39.6221(2)(a), Florida Statutes (2009), which requires the court to "[l]ist the circumstances or reasons why the child's parents are not fit to care for the child and why reunification is not possible by referring to specific findings of fact made in its order adjudicating the child dependent or by making separate findings of fact." See J.S. v. Dep't of Children & Family Servs., 18 So.3d 712, 714 (Fla. 2d DCA 2009) (finding order failed to comport with statutory requirement where it made "only a general reference to `the circumstances from which the court previously based its findings that the children are dependent'").
The Department also concedes, and we agree, that the evidence was insufficient to support the placement of R.S. in a permanent guardianship. See C.A. v. Dep't of Children & Families, 988 So.2d 1247, 1249 (Fla. 4th DCA 2008) (holding that trial court's finding must be supported by competent substantial evidence). The trial court found that D.N. was noncompliant with his case plan and could not provide stable housing or finances. D.N.'s failure to comply with his case plan and provide stable housing or finances, however, was due to his incarceration during the pendency of this case. Moreover, a parent's noncompliance with a case plan is not a statutory ground for placing a child in a permanent guardianship, although it is a factor that may be relevant to the trial court's inquiry regarding the parent's fitness to care for the child and whether reunification is possible. Id.
Accordingly, we reverse the order placing R.S. in a permanent guardianship and remand with instructions that protective supervision be reinstated and that D.N. be given additional time to complete his case plan.
Reversed and remanded.
CRENSHAW and BLACK, JJ., Concur.