PER CURIAM.
The Mother, T.L., appeals from the trial court’s denial of her motion for reunification and the placing of her two children in permanent guardianship. The Mother argues that the trial court’s finding that she was not in substantial compliance with her case plan was not supported by competent substantial evidence. She also asserts that there was no evidence presented suggesting that reunification would endanger the children. We vacate the order of permanent guardianship and reverse and remand for a new hearing on the Mother’s motion for reunification.
In April 2010, the children, ages six and one, were sheltered after both the Mother and the Father were incarcerated due to drug charges and substance abuse problems. The Department of Children & Families (the “Department”) filed an amended petition for dependency in which all counts were based upon the parents’ substance abuse and incarceration. The Mother consented to the amended dependency petition and accepted a case plan under which the Mother agreed to: (1) complete a Department-approved parenting course; (2) submit to a substance abuse evaluation and follow any recommendations; (3) submit to random drug screens within three hours of a request with failure to do so deemed a positive result; (4) remain drug free; (5) maintain stable housing and verifiable income for a minimum of six months; and (6) have supervised visitation. The children were placed with the maternal grandmother. After the Mother was released from incarceration, she began complying with her case plan. By April 2011, during a judicial review hearing, it was determined that the Mother had almost achieved reunification and the Mother was granted overnight visitation.
In June 2011, when the children were asleep in her apartment, the Mother engaged in a domestic violence altercation with her paramour. The police called the maternal grandmother, who picked the children up. Upon motion by the Department, the Mother’s visitation was changed to supervised visitation.
The Mother filed a motion for reunification and change of placement to her or alternatively a motion for unsupervised visitation. In early August 2011, the court found that the Mother was still living with her paramour and did not have stable housing. Six months later, a judicial re *787 view hearing was held on the Mother’s motion and the Department’s pending motion to place the children in permanent guardianship with the maternal grandmother.
The Department presented the testimony of the child advocate who testified that the children were doing well with their grandmother and there were no safety concerns. As to the Mother, the child advocate testified that the Mother had substantially complied with her case plan in all respects and had additionally completed a domestic violence course which was not ordered. The reason the children came into care had been remedied. The Mother had also moved into her own apartment and the home study indicated no one else was living there.
The grandmother testified that everything was going very well for the children and they want to be with the Mother. The grandmother did not have any concerns about the children being with the Mother.
The trial court concluded that the Mother was not in substantial compliance with her case plan because the child advocate had not provided the court with provider reports which showed that the Mother had “gained insight” from the classes she took. The court then placed the children in permanent guardianship with the grandmother and granted the Mother unsupervised visitation in a public place or at the grandmother’s home. The trial court also found that not enough time had passed since the Mother broke up with the person who battered her.
The Mother filed a motion for rehearing to which she attached all the certificates of completion of all the courses and treatments required by her case plan. She also included the most recent drug screening results as well as the results of a hair follicle drug test. She attached the lease to the apartment she had individually leased. The Mother argued that she had substantially complied with her case plan which gives the presumption that the children should be returned unless the court could find that reunification would be detrimental to the children.
A hearing was held on the motion but a transcript was not provided to this court due to the inability of the court reporter to find it. The trial court entered an order in which it listed the tasks the Mother was to complete but found she was not in compliance. The court went through the other factors in section 39.621(10), Florida Statutes (2011), which it is required to consider in deciding a parent’s motion for reunification and crossed out the last finding listed, “[t]he mother does/does not pose a risk of endangerment to the welfare of the children.” The trial court denied the Mother’s motion.
The Mother argues that the trial court’s finding that the Mother was not in substantial compliance with her case plan was not supported by competent substantial evidence. Section 39.522(2), Florida Statutes (2011), provides:
(2) In cases where the issue before the court is whether a child should be reunited with a parent, the court shall determine whether the parent has substantially complied with the terms of the case plan to the extent that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the return of the child to the home.
Section 39.01(73), Florida Statutes (2011), provides that “ ‘[substantial compliance’ means that the circumstances which caused the creation of the case plan have been significantly remedied to the extent that the well-being and safety of the child will not be endangered upon the child’s *788 remaining with or being returned to the child’s parent.”
The Department did not present any evidence that the Mother did not substantially comply with her case plan. The testimony was that the Mother had completed each of her assigned tasks including substance abuse evaluation and treatment, testing negative for drug use, completing a parenting course, and stable housing and employment. There was no evidence that the Mother had not complied with the case plan by the time of the hearing. We find that there was no competent substantial evidence to support the trial court’s finding that the Mother failed to substantially comply with the case plan.
The Mother argues that there was no evidence presented suggesting that reunification would endanger the children. “[T]he Department has the burden of proving that reunification with the parent would endanger the child.” C.A. v. Dep’t of Children & Families, 27 So.3d 241, 242-43 (Fla. 4th DCA 2010). “When a parent has requested reunification and substantially complied with her case plan, there is a presumption that the children should be returned. This presumption may be overcome by a finding that returning the children would endanger them.” G.V. v. Dep’t of Children & Families, 985 So.2d 1243, 1247 (Fla. 4th DCA 2008) (quoting C.D. v. Dep’t of Children & Families, 974 So.2d 495, 500 (Fla. 1st DCA 2008)). The Department acknowledges in its brief that the trial court made no finding that returning the children to the mother would endanger them and that it is required to do so. Because we find that the Mother substantially complied with her case plan, which raises a presumption that the children should be returned, and there is no finding that the Department rebutted that presumption, we reverse the order denying reunification and vacate the order of permanent guardianship. We remand for the trial court to make the necessary findings based on all the evidence previously presented and any additional evidence provided by the parties.

Reversed and Remanded for further proceedings.

MAY, C.J., HAZOURI and DAMOORGIAN, JJ., concur.