COHEN, J.
A.D. appeals the termination of his parental rights to his child, M.D.[1] The Department of Children and Families (“the Department”) concedes that the record does not support a finding that A.D. abandoned the child. Abandonment, under section 39.01, Florida Statutes, is defined in pertinent part as follows:
(1) “Abandoned” or “abandonment” means a situation in which the parent or legal custodian of a child or, in the absence of a parent or legal custodian, the caregiver, while being able, has made no significant contribution to the child’s care and maintenance or has failed to establish or maintain a substantial and positive relationship with the child, or both.
§ 39.01(1), Fla. Stat. (2015) (emphasis added).
While A.D. has not provided any financial support for the child over the course of the child’s life, the Department has not established his ability to provide such support. Moreover, A.D. has remained in contact with the child, who currently resides with A.D.’s sister in New York. Therefore, the trial court erred in finding clear and convincing evidence that A.D. abandoned the child.
In addition, the record in this case does not establish that A.D. failed to substantially comply with the case plan. Although the record in this case does not appear to contain a copy of an executed case plan,[2] the parties seem to have agreed at trial that under the case plan, A.D. had only one task: complete a batterers intervention program.[3] A.D. made virtually no *92 effort to comply with the ease plan until the petition for termination of parental rights was filed. Thereafter, however, A.D. worked to complete a batterers intervention course and fell just short of finishing the program. The program lasted twenty-nine weeks; A.D. completed all but three classes, albeit with gaps in attendance.
The Department seems to concede that attendance at all but three classes constituted substantial performance. It argues, though, that A.D. remains volatile, and it points to evidence of verbal tiffs with his sister and the Guardian Ad Litem. While this evidence might warrant a determination that reunification would not be appropriate, it does not rise to the level of justifying termination of parental rights. Accordingly, we reverse and remand.
REVERSED and REMANDED.
EVANDER and WALLIS, JJ., concur.

. M.D.’s natural mother has not appealed the termination of her parental rights.

. A.D.’s brief does not give a record cite to an executed case plan, and the Department's record cite is incorrect.

. The record indicates that the parents failed to attend the case plan conference on July 17, 2013, but consented to the plan at the disposition hearing. The record, however, provides no transcript of that hearing. The Department references two additional tasks within the case plan: obtain suitable housing and acquire stable employment. Yet the Department has not established A.D.’s ability to comply with those tasks, nor documented any services offered to assist A.D. in accomplishing those tasks. See § 39.806(l)(e), Fla. Stat. (2015) (allowing for termination of parental rights based on failure to comply with the case plan "unless the failure to substantially comply with the case plan was due to the parent’s lack of financial resources”); see also C.A. v. Dep’t of Children & Families, 988 So.2d 1247, 1249 (Fla. 4th DCA 2008) (finding an abuse of discretion in terminating parental rights where compliance with the case *92 plan was not possible due to the parent’s lack of financial resources).