PER CURIAM.
In these consolidated cases, R.M., the Mother, and-R.N, the Father, appeal an order adjudicating their children dependent on the bases of neglect, abuse, and imminent risk of neglect and/or abuse. We affirm the order insofar as it is based on neglect, since the Department of Children and Families (“DCF”) presented competent, substantial evidence that the children’s home had an ongoing rat infestation. Consequently, DCF proved that the children were living in an environment which caused the children’s physical health to be in danger of being significantly impaired. See § 39.01(44), Fla. Stat. (2015); A.W. ex rel. B.W. v. Dep’t of Children & Families, 969 So.2d 496, 498-502 (Fla. 1st DCA 2007) (affirming termination of parental rights on grounds of abandonment and neglect in part based on evidence that the home was “filthy” and “cluttered”); In Interest of C.W., 616 So.2d 127, 127 (Fla. 2d DCA 1993) (affirming termination of parental rights based in part on neglect where children were found in a dirty, roach-infested, and foodless home).
However, the record simply does not contain competent, substantial evidence to support the trial court’s additional findings. There was no evidence of abuse, since there was no evidence that the parents willfully endangered the children. See § 39.01(2), Fla. Stat. (2015) (“ ‘Abuse’ means any willful act or threatened act that results in any physical, mental, or sexual abuse, injury, or harm that causes or is likely to cause the child’s physical, mental, or emotional health to be significantly impaired.”).
Further, DCF failed to prove that the children were at imminent risk of neglect and/or abuse. While there was evidence that the children were under the supervision of an extremely negligent and potentially abusive caregiver at the time they were removed from the home, there was no indication on the record that the parents planned to leave the children in her care in the near future. Nor was there any evidence that the conditions in *951 the home were still dangerous as of the time of the dependency hearing. See E.R. v. Dep’t of Children & Families, 143 So.3d 1131, 1134 (Fla. 4th DCA 2014) (“In imminent harm or neglect cases, ‘the parent’s harmful behavior must pose a present threat to the child based on current circumstances’ and be ‘clearly and certainly predicted.’ ”) (quoting S.S. v. Dep’t of Children & Families, 81 So.3d 618, 621 (Fla. 1st DCA 2012); E.M.A. v. Dep’t of Children & Families, 795 So.2d 183, 187 (Fla. 1st DCA 2001)). Thus, there was no evidence that any abuse or neglect was impending or about to occur. See C.A. v. Dep’t of Children & Families, 958 So.2d 554, 560 (Fla. 4th DCA 2007) (“To prove there is an imminent risk a child will be abused or neglected, DCF must offer competent, substantial evidence that abuse or neglect is ‘impending and about to occur.’ ” (citation omitted)).
Consequently, we affirm the adjudication of dependency on the basis of neglect, but we reverse and remand for the additional findings to be stricken.

Affirmed in part, reversed in part, and remanded with instructions.

CIKLIN, C.J., MAY and DAMOORGIAN, JJ., concur.