DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**P.C.,** the father, and **L.H.,** the mother,
Appellants,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and **GUARDIAN AD LITEM,**
Appellees.

Nos. 4D21-1591 and 21-1596

[September 8, 2021]

Consolidated appeals from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert B. Meadows, Judge; L.T. Case No. 562019DP000177.

Ashley Nicole Minton of Minton Law, P.A., Fort Pierce, for appellant P.C., the father.

Antony P. Ryan, Regional Counsel, and Paul O'Neil, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant L.H., the mother.

Andrew Feigenbaum of Children's Legal Services, West Palm Beach, for appellee Department of Children and Families.

Thomasina F. Moore, Statewide Director of Appeals, and Samantha C. Valley, Senior Attorney, Appellate Division, Florida Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian ad Litem o/b/o S.H., L.H., and J.C.

PER CURIAM.

P.C., the father, and L.H., the mother, appeal an order terminating their parental rights as to their three children. We affirm the mother's appeal without further comment. We also affirm termination of the father's parental rights on two statutory grounds—section 39.806(1)(b) and 39.806(1)(d)(3)—but reverse termination based on section 39.806(1)(e)(1), failure to substantially comply with the case plan.

The Department concedes the record does not support a finding that the father failed to substantially comply with the case plan. The guardian ad litem does not concede error. To terminate parental rights based on lack of compliance with the case plan, compliance must be possible. *K.J. v. Dep't of Children & Families*, 906 So. 2d 1183, 1186 (Fla. 4th DCA 2005). The trial court cited only the father's lack of communication with the children during their shelter as a reason for not substantially complying with the case plan. This alone is insufficient to support termination. The father completed the case plan tasks available to him while incarcerated. *See T.M. v. Dep't of Children & Families*, 905 So. 2d 993, 998 (Fla. 4th DCA 2005).

Accordingly, we affirm termination of the father's parental rights on the other two statutory grounds, but reverse and remand for the trial court to remove section 39.806(1)(e)(1) as a ground for termination. *See R.S. v. Dep't of Children & Families*, 872 So. 2d 412, 413 (Fla. 4th DCA 2004).

*Affirmed in part, reversed in part, and remanded.*

LEVINE, KLINGENSMITH and KUNTZ, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**