DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**J.J.** the father,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D21-2345

[December 1, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case No. 502019DP000430JA.

Andrew A. Holness of Law Offices of Andrew A. Holness, P.A., West Palm Beach, for appellant.

Andrew Feigenbaum of Children's Legal Services, West Palm Beach, for appellee Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Sarah Todd Weitz, Senior Attorney, Appellate Division, Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian ad Litem.

### *ON CONCESSIONS OF ERROR*

GERBER, J.

The father appeals from two circuit court orders suspending his unsupervised visitation with the child, and terminating protective supervision and jurisdiction over the child. Both the Department of Children and Families and the Guardian ad Litem concede the father's arguments that the circuit court erred in three respects, by: (1) suspending the father's visitation based solely on the Department's allegations, without receiving any evidence proving the allegations; (2) leaving further visitation solely to the mother's discretion, without providing the father any guidance on how to reinstate visitation; and (3) failing to make specific findings of fact and conclusions of law to support the two orders.

We agree with the concessions of error.  *See A.W.P. v. Dep't of Child. & Fam. Servs.*, 823 So. 2d 323, 323-24 (Fla. 2d DCA 2002) ("A party seeking to modify a visitation order in a dependency proceeding must meet the same burden that is applicable to modifications in domestic relations cases, that is, the party must prove that there has been a substantial change in material circumstances and that modification is required to protect the child's best interests."); *Lightsey v. Davis*, 267 So. 3d 12, 15 (Fla. 4th DCA 2019) ("[E]ven if the trial court's decision not to award unsupervised timesharing is supported by competent substantial evidence, the court must provide the parent who is denied timesharing with specific steps to obtain unsupervised timesharing.  A trial court's failure to set forth any specific requirements or standards with which the parent must comply in order to reduce the timesharing restrictions – whether those restrictions constitute a total prevention of timesharing altogether or are only a limitation of timesharing – is error.  ...  Similarly, ... [a] court may not delegate its responsibility to determine timesharing to [the other parent].") (citation and internal quotation marks omitted); Fla. R. Juv. P. 8.260(a) ("All orders of the court ... must contain specific findings of fact and conclusions of law ...."); *J.R. v. Dep't of Child. & Fam.*, 976 So. 2d 652 (Fla. 4th DCA 2008) (requiring reversal where the trial court's order failed to contain specific findings of fact and conclusions of law pursuant to rule 8.260(a)).

Based on the foregoing, we reverse the two orders on appeal, and remand for the circuit court to conduct an evidentiary hearing on the Department's motion to modify the father's unsupervised visitation with the child and, in any order entered thereupon, to include specific findings of fact and conclusions of law supporting the order.

*Reversed and remanded with instructions.*

MAY and CIKLIN, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***