## Case No. 5,024.

### FOYLES v. LAW.

[3 Cranch. C. C. 118.] [1]

Circuit Court, District of Columbia. May Term, 1827.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Law then filed a bill for an injunction. Mr. Worthington, for Mr. Law,

CRANCH, Chief Judge. But in the present case the plaintiff does not elect not to call the execution, but has called upon the marshal to return the writ; and it is now returned "cepi," and the plaintiff prays that the defendant may be committed in execution. The equity relied on in the bill is, that there is error in the original judgment; that the plaintiff expected that the case in error would have been decided before the plaintiff at law could obtain an execution against the complainant; that if the money should now be paid to the plaintiff at law, there will be great trouble, delay, and expense in getting it back, and risk of losing it altogether.

All the equity of the case may be resolved into the negligence of the principal debtor, in not obtaining a supersedeas in proper time; and of the bail, in not producing his

principal upon the return of the scire facias. I do not think there is equity enough to justify the court in depriving the plaintiff at law of his legal remedy; no fault can be imputed to him. Nor do I think that an injunction to stay further proceedings at law in the case, can avail the complainant; for there is nothing remaining to be done to enforce the judgment. The plaintiff has gone the whole length, and the marshal has nothing further to do. If the court should refuse to order the defendant, Mr. Law, to be committed in execution, I doubt very much whether the plaintiff could have a new execution. A ca. sa. is the highest execution the party can have. When the body is taken on a ca. sa., and the writ is returned and filed, it is an absolute and perfect execution of the highest nature against the defendant, and no other execution can afterwards be had against his lands or goods, except where a person dies in execution; in that case, his lands and goods are liable to satisfy the judgment, by the statute of 21 Jac. I. c. 4; 3 Bl. Comm. 415.

The case of West's Ex'r v. Hyland, cited by Mr. Worthington, is reported without argument, or reasons given for the judgment of the court. It is probable, however, that it was considered as a case within the statute of 1789, c. 42, by which, if a plaintiff elect not to call a ca. sa. at the return term, with the assent of the defendant, he may have a new ca. sa.; and the election of the plaintiff, and the assent of the defendant, not to call that ca. sa., must have been proved to, or presumed by, the court, from the silence of both parties. See the case of West's Ex'r v. Hyland, cited in 7 Pet. [32 U. S.] 677, in Appendix. This is not a case coming within that statute; and if the court should refuse to commit the defendant in execution, at the prayer of the plaintiff, I do not think, as I before observed, that he could have a new execution.

I also think that the injunction must be refused, because it has nothing to operate upon. There is no proceeding at law to be stayed. The judgment is executed; and because, if it should operate as a discharge of the defendant from this execution, the plaintiff cannot have another. Injunction refused.