967 So.2d 425 (2007)
I.Z., the Mother, Appellant,
v.
DEPARTMENT OF CHILDREN & FAMILIES and Guardian Ad Litem Program, Appellees.
No. 4D07-1754.
District Court of Appeal of Florida, Fourth District.
October 31, 2007.
Rehearing Denied November 28, 2007.
*426 I.Z., Hallandale, pro se.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey P. Bassett, Assistant Attorney General, Fort Lauderdale, for appellee Department of Children & Families.
Patricia M. Propheter, Orlando, for appellee Guardian Ad Litem Program.
POLEN, J.
Appellant I.Z., the mother, appeals the trial court's final order terminating Appellee's, the Department of Children and Families (DCF), protective supervision and placing S.F., the child, in a permanent guardianship. This termination follows a long history of DCF involvement with I.Z. and the minor child. Following the recommendation of the general magistrate, the trial court determined that I.Z. had not substantially complied with the case plan given her by DCF and that permanent placement was in the child's best interest, while still allowing I.Z. to have supervised visitation with the child. We affirm the trial court's holding.
Section 39.6221, Florida Statutes, controls the placement of a child in a permanent guardianship, and provides as follows:
(1) If a court determines that reunification or adoption is not in the best interest of the child, the court may place the child in a permanent guardianship with a relative or other adult approved by the court if all of the following conditions are met:
(a) The child has been in the placement for not less than the preceding 6 months.
(b) The permanent guardian is suitable and able to provide a safe and permanent home for the child.
(c) The court determines that the child and the relative or other adult are not likely to need supervision or services of the department to ensure the stability of the permanent guardianship.
(d) The permanent guardian has made a commitment to provide for the child until the child reaches the age of majority and to prepare the child for adulthood and independence.
(e) The permanent guardian agrees to give notice of any change in his or her residential address or the residence of the child by filing a written document in the dependency file of the child with the clerk of the court.
(2) In its written order establishing a permanent guardianship, the court shall:
(a) List the circumstances or reasons why the child's parents are not fit to care for the child and why reunification *427 is not possible by referring to specific findings of fact made in its order adjudicating the child dependent or by making separate findings of fact;
(b) State the reasons why a permanent guardianship is being established instead of adoption;
(c) Specify the frequency and nature of visitation or contact between the child and his or her parents;
(d) Specify the frequency and nature of visitation or contact between the child and his or her grandparents, under s. 39.509;
(e) Specify the frequency and nature of visitation or contact between the child and his or her siblings; and
(f) Require that the permanent guardian not return the child to the physical care and custody of the person from whom the child was removed without the approval of the court.
§ 39.6221(1) and (2), Fla. Stat. Once permanent guardianship has been established, the trial court shall "relieve [DCF] of the responsibility for supervising the placement of the child." § 39.6221(5), Fla. Stat. In determining whether the trial court erred in placing the child in a permanent guardianship and in terminating protective supervision, this court looks at whether the statutory factors detailed above have been met. See J.H. v. Dep't of Children and Families, 924 So.2d 965, 966 (Fla. 4th DCA 2006).
In the final order granting DCF's motion to place the child in permanent guardianship and terminating protective supervision, the trial court determined that all the factors listed above had been met. Further, the trial court detailed that "[r]easonable efforts were made to prevent, or eliminate the need for removal of the child from the home by the Department," but that "[r]eunification with the parents at this time would be contrary to the welfare and not in the best interests of the child" as the parents had not benefited from DCF's services nor substantially complied with their case plans. The trial court detailed why permanent guardianship was in the child's best interest, stating: "[A]ll parties agree that the parent(s) should be able to maintain some contact with the child." The trial court also detailed the desired frequency of I.Z.'s contact with the child.
We find the trial court's order met the statutory requirements for terminating protective supervision and for placing the child in a permanent guardianship. Further, we find the trial court's determination that I.Z. had not substantially complied with her case plan is supported by competent substantial evidence. See B.L. v. Dep't of Children and Families, 950 So.2d 1264, 1265 (Fla. 5th DCA 2007).
We affirm.
KLEIN and MAY, JJ., concur.