PALMER, J.
 

 R.T. (father) appeals the final order entered by the trial court which terminated the Department of Children and Families’ (DCF) protective supervision over his daughter and placed her in the permanent guardianship of her older half-brother. Although the record contains sufficient evidence to support the trial court’s ruling, we must reverse and remand for the entry of an order containing factual findings regarding the issue of reunification sufficient to comply with the statutory mandate set forth in section 39.6221 of the Florida Statutes.
 

 Section 39.6221 of the Florida Statutes requires trial courts to set forth written findings to support any decision to order a child into a permanent guardianship arrangement. Among other things, the statute requires trial courts to explain why the parent is not fit to care for the child:
 

 39.6221. Permanent guardianship of a dependent child
 

 * * *
 

 (2) In its written order establishing a permanent guardianship, the court shall:
 

 (a) List the circumstances or reasons why the child’s parents are not fit to care for the child and why reunification is not possible by referring to specific findings of fact made in its order adjudicating the child dependent or by making separate findings of fact ...
 

 § 39.6221(2)(a), Fla. Stat. (2008). The father contends that reversal is required because the instant guardianship order fails to comply with this mandate. We agree.
 

 In
 
 In re J.S.,
 
 18 So.3d 712 (Fla. 2d DCA 2009), the mother appealed an order placing her children into a permanent guardianship arrangement. In the order, the trial court made certain findings, including the finding that:
 

 11. Reunification with the parents at this time would be contrary to the welfare and not in the best interest of the children. The parents are not fit to care for the children and reunification is not possible because of the circumstances from which the court previously based its finding that the children are dependent in the order of adjudication, and in addition: The parents have not worked their case plan. They have not resolved the issues of domestic violence, stable housing or financial stability.
 

 Id.
 
 at 714. Before discussing the substantive issue raised on appeal, the Second District noted that, pursuant to section 39.6221 of the Florida Statutes, the trial court was required to support its conclusion that reunification with the mother was not possible by either referring to specific findings of fact made in its order adjudicating her children dependent or by making separate findings of fact. The Second District ruled that the trial court’s findings, as set forth in paragraph 11 of its order, failed to comply with this requirement because they “made only a general reference to the circumstances from which the court previously based its findings that the children are dependent.”
 
 Id.
 
 at 715.
 

 Here, regarding the issue of reunification, the trial court’s guardianship order states:
 

 Reunification with the father at this time would be contrary to the welfare and not in the best interests of the child. The father is not fit to care for the child and reunification is not possible because of the facts and circumstances upon which the Court previously based its finding
 
 *197
 
 that the child is dependent in the order of adjudication, and based on testimony heard by the Court during the Permanency Hearing.
 

 This finding is legally insufficient. Similar to the situation presented in
 
 J.S.,
 
 the instant guardianship order fails to comply with the statutory requirement for written findings because the order does not refer to specific findings of fact set forth in the trial court’s dependency order nor contain separate findings of fact regarding the issue of reunification.
 

 REVERSED and REMANDED.
 

 LAWSON and JACOBUS, JJ., concur.