PER CURIAM.
 

 C.S. appeals an order placing her son, C.N., in permanent guardianship pursuant to section 39.6221, Florida Statutes (2010). We reverse.
 

 Appellant entered into a case plan on September 9, 2009, with the goal of reunification. The case plan directed the mother to (1) attend anger management classes, (2) obtain a psychological evaluation, (3) obtain mental health counseling, (4) complete a substance abuse class, (5) complete a parenting class, (6) maintain stable housing for six months, (7) obtain a legal source of income, and (8) submit to random drug tests. The Department of Children and Families admitted at the permanency hearing that the mother had completed many of the tasks but had not completed a substance abuse class, nor had she obtained housing and a job. The mother contended that all of her random drug tests had been negative, and that failure to obtain housing and a job are financial issues that cannot be grounds for removing a child from a parent.
 

 The lower court ordered that the child be placed in permanent guardianship with his paternal grandparents. On appeal, the state concedes, and we agree, that the lower court’s written order did not comply with section 39.6221(2), which requires case-specific findings.
 
 See C.A. v. Dept, of Children & Families,
 
 27 So.3d 241 (Fla. 4th DCA 2010);
 
 R.T. v. Dep’t of Children & Families,
 
 27 So.3d 195 (Fla. 5th DCA 2010);
 
 In re: J.S.,
 
 18 So.3d 712 (Fla. 2d DCA 2009);
 
 In re: R.B.,
 
 6 So.3d 736 (Fla. 2d DCA 2009);
 
 A.M. v. Dep’t of Children & Families,
 
 5 So.3d 809 (Fla. 2d DCA 2009).
 

 The state also concedes, and we agree, that the record does not contain competent, substantial evidence to support the lower court’s order of permanent guardianship. The lower court ordered permanency for two reasons. First, it concluded that the mother had not complied with court-ordered terms of visitation. We find no terms of visitation in the record. Just three months earlier, the lower court had determined that the mother had complied with such terms. Because there are no terms of visitation in the record, nor any concrete evidence regarding the mother’s actual visits, there is insufficient evidence to support this finding.
 

 The court’s other reason for ordering permanent guardianship is that the mother had not substantially complied with the case plan, “as evidenced by the JRSSR report filed for this hearing and incorporated by reference.” In the Judicial Review Social Study Report, the only concise statement by the Department regarding the reasons for permanent guardianship was that the mother was “partially compliant with the case plan however she has not obtained a safe and stable environment for the child to live in and has not obtained verifiable, legal employment in order to support the child.” Removal of a child from his or her parent for abuse, neglect, or abandonment cannot be established based on the parent’s homelessness “derived solely from a custodian’s financial inability ... unless the Department offers services to the homeless custodian and those services are rejected.”
 
 Brown v. Feaver,
 
 726 So.2d 322, 324 (Fla. 3d DCA 1999).
 
 Accord, M.B. v. Dept. of Children & Family Servs.,
 
 985 So.2d 1178 (Fla. 3d DCA 2008) (quashing shelter order based upon mother’s homelessness due to her financial situation when there was no evidence that the Department had offered services to the mother to eliminate the need for sheltering the child);
 
 S.H. v. Dept. of Children & Families,
 
 949 So.2d
 
 *370
 
 356 (Fla. 4th DCA 2007) (reversing order of dependency based upon the father’s unstable housing and employment because there was no evidence that the Department had offered services that the father rejected).
 

 The Department did not put on any evidence showing that it had offered the mother services and been refused. The mother has clearly made efforts to improve her situation with the goal of reunification with her son. Accordingly, the evidence was insufficient to support the court’s order of permanent guardianship.
 
 See C.D. v. Dep’t of Children & Families,
 
 974 So.2d 495 (Fla. 1st DCA 2008); AM, 5 So.3d at 809;
 
 In re: J.S.,
 
 18 So.3d at 714-15;
 
 In re: R.B.,
 
 6 So.3d at 737.
 

 REVERSED and REMANDED for further proceedings regarding a permanent placement for the child, including the possibility of reunification.
 

 HAWKES, C.J., PADOVANO and MARSTILLER, JJ., concur.