PER CURIAM.
S.K., the mother, appeals an order placing her daughters, C.H. and C.H., in permanent guardianships and terminating the supervision of the Florida Department of Children and Families (“the Department”) pursuant to section 39.6221, Florida Statutes (2010). She raises two grounds for reversal. First, the mother argues, and the Department concedes, that the record does not contain competent, substantial evidence to support the trial court’s order of permanent guardianship. Second, she argues that the trial court’s written order does not comply with section 39.6221(2)(a) because it does not contain case-specific findings explaining why reunification was not possible. For the reasons that follow, we reverse.
After both of the children were sheltered and adjudicated dependent, the mother entered into a case plan with the goal of reunification. The case plan directed her to (1) complete a parenting course, (2) undergo a psychological evaluation, and (3) periodically meet with her caseworker. It is undisputed that the mother substantially completed these tasks. Additionally, the case plan identified the “[cjurrent visitation schedule” as follows: “Visitation is arranged around the parents’ and grandmotherly] work schedule[s].”
*1183 After a permanency hearing, the trial court ordered that both children be placed in permanent guardianships, the first with her paternal grandmother, who lived approximately 400 miles away from the parents, and the second child with her maternal grandmother, who lived approximately two to three miles away from the parents. In particular, the trial court found that reunification with the mother was not possible for the following reasons:
Reunification with the parents at this time would be contrary to the welfare and not in the best interests of the children. The parents are not fit to care for the children and reunification is not possible because of the circumstances from which the court previously based its finding that the children are dependent in the order of adjudication, and in addition, the parents have failed to maintain consistent visitation with the minor children[,] which is necessary to foster a parent-child relationship. The lack of visitation and interaction with the children also renders it difficult to assess whether the safety of the children could be ensured if returned to the care and custody of the parents.
The mother argues, and the Department properly concedes, that the record does not contain competent, substantial evidence to support the trial court’s order of permanent guardianship. See C.S. v. Dep’t of Children & Families, 41 So.3d 368, 369 (Fla. 1st DCA 2010) (a trial court’s order of permanent guardianship must be supported by competent, substantial evidence in the record); B.L. v. Dep’t of Children & Families, 950 So.2d 1264, 1265 (Fla. 5th DCA 2007) (explaining that an appellate court “will not reverse an order that determines permanency by directing long-term placement with a relative if there is competent, substantial evidence to support it”) (citation omitted).
The trial court ordered permanency for two reasons. First, it concluded that the mother failed to “maintain consistent visitation” without quantifying what would have qualified as “consistent visitation.” Because the case plan merely provided that visitation would be “arranged around the parents’ and grandmother[s’] work schedule[s],” the case plan did not identify concrete terms of visitation. Cf.C.S., 41 So.3d at 369 (noting that there were “no terms of visitation in the record”). Accordingly, the trial court’s pronouncement that the mother failed to maintain consistent visitation is misplaced because the mother’s case plan did not provide a standard against which the amount of visitation she actually exercised could be evaluated. The undisputed evidence regarding the children’s current placements further illustrates the disconnect between the trial court’s finding and the evidence. Specifically, the first child lives with her paternal grandmother approximately 400 miles away from the parents, while the second resides with her maternal grandmother approximately two to three miles away from the parents. This evidence suggests, at a minimum, that what would qualify as “consistent visitation” could have differed based on the child. For these reasons, the trial court’s first ground for guardianship placement is not supported by competent, substantial evidence.
The trial court’s second reason for ordering permanent guardianships was its non-committal position that “[t]he lack of visitation and interaction with the children ... renders it difficult to assess whether the safety of the children could be ensured if returned to the care and custody of the parents.” In this statement, the trial court acknowledged that there was insufficient evidence to show whether the children would be endangered if reunified with the mother. In light of this acknowledge *1184 ment, it is clear that this position does not qualify as a basis for placing the children in permanent guardianships. C.S, 41 So.3d at 369 (trial court’s order must be supported by competent, substantial evidence).
The mother additionally argues, and we agree, that the trial court’s written order does not comply with section 39.6221(2)(a), which requires the trial court to make case-specific findings explaining why reunification is not possible, for two reasons. C.A. v. Dep’t of Children & Families, 27 So.3d 241, 242 (Fla. 4th DCA 2010); C.S., 41 So.3d at 369 (explaining that section 39.9221(2) “requires case-specific findings”). First, the first clause of the second sentence of the trial court’s order provides that “[t]he parents are not fit to care for the children and reunification is not possible because of the circumstances from which the court previously based its finding that the children are dependent in the order of adjudication.” (emphasis added). This clause fails to comport with the statutory mandate of section 39.6221(2)(a) because it “makes only a general reference to the circumstances from which the court previously based its findings that the children are dependent.” In re J.S., 18 So.3d 712, 714 (Fla. 2d DCA 2009) (internal quotations omitted); accord R.T., Sr. v. Dep’t of Children & Families, 27 So.3d 195, 196-97 (Fla. 5th DCA 2010). Second, the trial court’s additional reference to the parents’ failure “to maintain consistent visitation” and observation that “[t]he lack of visitation ... with the children renders it difficult to assess whether the safety of the children could be ensured if returned to the care and custody of the parents” do not individually constitute sufficient grounds on these facts to support the guardianship placements for the reasons discussed above. See In re J.S., 18 So.3d at 714 (reaching this conclusion based on trial court’s “additional reference to the parents’ failure to work [their] case plan”).
For the foregoing reasons, we reverse the order placing the children in permanent guardianships and remand for further proceedings.
REVERSED and REMANDED.
VAN NORTWICK, LEWIS, and ROBERTS, JJ., concur.