VILLANO!, Judge.
R.N., the father of A.N., challenges the circuit court’s orders finding A.N. dependent and placing her in a permanent guardianship with her stepfather. Because competent, substantial evidence supported the order finding A.N. dependent, we affirm that order without further discussion.
We also affirm the circuit court’s order placing A.N. in a permanent guardianship with her stepfather. See § 39.6221, Fla. Stat. (2009). However, over R.N.’s objection, the circuit court failed to “[sjpecify the frequency and nature of visitation or contact between” R.N. and his daughter in the guardianship order as required by section 39.6221(2)(c). Instead, the court ordered that R.N. and the permanent guardian develop and agree on a visitation and contact schedule. This resolution was not only unworkable given the animosity between R.N. and the permanent guardian, but also violated the clear mandate of section 39.6221(2)(c). Therefore, we reverse *686 the guardianship order on this basis alone and remand for the court to enter an amended order that sets forth a visitation and contact schedule between R.N. and A.N.
Affirmed in part, reversed in part, and remanded.
CASANUEVA., C.J., and ALTENBERND, J., Concur.