VILLANTI, Judge.
S.W-R., the mother, challenges the circuit court’s order placing two of her children, J.L.R., Jr., and N.R., in a permanent guardianship with their maternal grandmother. We affirm all aspects of the order except as to the visitation schedule between S.W-R. and the children. On that single point, we reverse and remand for further proceedings.
Section 39.6221(2)(c), Florida Statutes (2010), requires the circuit court’s written order to “[sjpecify the frequency and nature of visitation or contact between the child and his or her parents.” This plain language mandates that the court establish a specific visitation schedule rather than leaving visitation to the discretion of either of the parties. See R.N. v. Dep’t of Children & Family Servs., 55 So.3d 685, 685-86 (Fla. 2d DCA 2011). An order that does not comply with the requirements of section 39.6221 must be reversed. See, e.g., J.S. v. Dep’t of Children & Family Servs., 18 So.3d 712, 714 (Fla. 2d DCA 2009); R.T., Sr. v. Dep’t of Children & Families, 27 So.3d 195, 196 (Fla. 5th DCA 2010).
In this case, over S.W-R.’s objection, the circuit court failed to “[sjpecify the frequency and nature of visitation or contact between” S.W-R. and her children. Instead, in a somewhat ambiguous fashion, the written order provides for visitation biweekly for an hour to an hour and a half “or at the discretion of the caregiver.” Thus, the order places complete discretion concerning the frequency and duration of visitation with the maternal grandmother. Aside from the violation of the statutory language, this order creates a significant problem in this case in which S.W-R. has a strained relationship with the maternal grandmother. And the court’s oral suggestion that the parties “compromise” does not provide any guidance to the parties as *1285 to the court’s intent concerning the extent of the maternal grandmother’s discretion.
Therefore, we reverse the circuit court’s order appointing a permanent guardian to the extent that it leaves the nature and frequency of any visitation between S.WR. and the children to the maternal grandmother’s unfettered discretion and remand for the trial court to delineate S.W-R.’s visitation rights with her children in accordance with section 39.6221(2)(c).
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and WALLACE, JJ„ Concur.