SHEPHERD, J.
This is an appeal by M.G., a mother, of a trial court order terminating the Department of Children and Families’ (the Department) protective supervision over her minor child, R.G., and placing the child in permanent guardianship of the minor child’s older half-sister and her half-sister’s boyfriend. Although the record contains sufficient evidence to support the trial court’s ruling, we agree with the mother the written order is insufficient to meet the requirements of section 39.6221(2), Florida Statutes (2011), in two respects.
When a trial court places a minor child in a permanent guardianship in lieu of reunification or adoption, section 39.6221(2) of the Florida Statutes requires the trial court’s written order to:
(a) List the circumstances or reasons why the child’s parents are not fit to care for the child and why reunification is not possible by referring to specific findings of fact made in its order adjudicating the child dependent or by making separate findings of fact; [and]
[[Image here]]
*1150 (c) Specify the frequency and nature of visitation or contact between the child and his or her parents....
§ 39.6221(2), Fla. Stat.
The guardianship order in our case is a form order, with which the trial court filled in the blanks. Regarding the reasons why the mother is not fit to care for the child or why reunification is not possible, pursuant to section 89.6221(2)(a), the form states:
Reunification with the parent(s) at this time would be contrary to the welfare and not in the best interest of the child(ren). The parents are not fit to care for the child(ren) and reunification is not possible because of the circumstances from which the court previously based its finding that the children are dependent in the order of adjudication, and in addition (input the specific reasons):
No reasons are stated.
Regarding the frequency and nature of visitation between the mother and the minor child, the order on appeal states:
Supervised visitation with the child(ren). The visitation shall be supervised at all times by the permanent guardian or an adult approved by the Department. The visitation shall occur on a schedule agreed by the parties and at a place agreed by the parties. The frequency of the visitation shall be:
The trial court added “at the custodians’ sole discretion.”
The Department concedes the trial court’s order does not meet the statutory requirements of section 39.6221(2)(a). See R.T., Sr. v. Dep’t of Children & Families, 27 So.3d 195, 196-97 (Fla. 5th DCA 2010) (finding similar language in the trial court’s order legally insufficient “because the order does not refer to specific findings of fact set forth in the trial court’s dependency order nor contain separate findings of fact regarding the issue of reunification”); see also In re J.S., 18 So.3d 712, 714 (Fla. 2d DCA 2009). However, the Department contends the mother waived her right as to section 39.6221(2)(c) because of a desire to be alleviated from any responsibilities relating to the minor child. The trial court made no such findings and there is no record evidence to support a knowing and voluntary waiver of visitation by the mother. Accordingly, the trial court’s order placing the frequency of visitation at the custodians’ sole discretion was error. See In re J.L.R., Jr., 64 So.3d 1283, 1284 (Fla. 2d DCA 2011) (finding the plain language of section 39.6221(2)(c) mandates a trial court to establish a specific visitation schedule rather than leaving visitation to the discretion of either of the parties).
Reversed and remanded for entry of an order in compliance with the requirements of section 39.6221(2), Florida Statutes.