PER CURIAM.
C.C., father of J.C., timely appeals a final order which terminated the Department of Children and Families’ protective supervision over his son and placed J.C. in the permanent guardianship of his paternal aunt. Although the trial court’s decision is supported by competent, substantial evidence, the final order itself does not contain or reference the detailed findings required by section 39.6221(2)(a), Florida Statutes (2012). See, e.g., R.T., Sr. v. Dep’t. of Children and Families, 27 So.3d 195 (Fla. 5th DCA 2010). The order also fails to comply with section 39.6221(2)(c), Florida Statutes (2012), which requires the trial court to “[s]pecify the frequency and nature of visitation or contact between the child and his or her parents.” See, e.g., In re J.L.R., Jr., 64 So.3d 1283 (Fla. 2d DCA 2011).[1] Accordingly, we reverse and re *700 mand for entry of an amended order that meets the requirements of section 39.6221(2)(a) and (c), Florida Statutes.
REVERSED AND REMANDED.
GRIFFIN, PALMER and LAWSON, JJ., concur.

. Although the Department highlights that the trial court ordered four hours per week of visitation at the hearing on the matter, the same is not reflected in the permanent guardianship order. Rather, the final order simply states that visitation shall be solely at the discretion of the guardian, which is insufficient under section 39.6221(2)(c), as explained in In re J.L.R., Jr.