LaROSE, Judge.
D.C. appeals the trial court’s order placing his son, R.C., in a permanent guardianship. We have jurisdiction. See Fla. R.App. P. 9.146. Because the trial court’s order contained insufficient factual findings to permit a permanent guardianship, we reverse and remand for further proceedings.
In determining whether a trial court erred in placing a child in a permanent guardianship and terminating protective supervision by the Department of Children & Family Services (DCF), we look at whether the trial court considered and applied the factors set forth in the permanent guardianship statute. I.Z. v. Dep’t of Children & Families, 967 So.2d 425, 427 (Fla. 4th DCA 2007). Section 39.6221, Florida Statutes (2012), lists the factors that the trial court must consider in determining that reunification or adoption is not in the best interest of the child and that a permanent guardianship is appropriate.
The order before us states generally that “[t]he parents are not fit to care for the child and reunification is not possible because of the circumstances from which the court previously based its finding that the child is dependent in the order of adjudication.” The trial court also referenced that D.C. had not completed his case plan. This is inadequate. Section 39.6221(2)(a) allows the trial court to refer to specific findings of fact made in the dependency order or to make separate findings of fact. The order does neither. A general reference to the dependency findings does not satisfy the statute. See J.S. v. Dep’t of Children & Family Servs., 18 So.3d 712, 714 (Fla. 2d DCA 2009) (citing C.A. v. Dep’t of Children & Families, 988 So.2d 1247, 1249 (Fla. 4th DCA 2008)); see also M.G. v. Dep’t of Children & Family Servs., 86 So.3d 1149, 1150 (Fla. 3d DCA 2012); R.T. v. Dep’t of Children & Families, 27 So.3d 195, 196 (Fla. 5th DCA 2010). Further, the reference to D.C.’s failure to complete a case plan would not be sufficient, by itself, to support a permanent guardianship placement. See J.S., 18 *926 So.3d at 714. On remand, the trial court should reconsider whether DCF presented sufficient evidence to support the permanent guardianship. Id.
D.C. also argues that the trial court’s visitation provision is nonspecific and runs afoul of statutory requirements. We have held that a nonspecific visitation requirement does not comply with section 39.6221(2)(c). See S.W-R. v. Dep’t of Children & Family Sens., 64 So.3d 1283, 1284 (Fla. 2d DCA 2011) (holding that visitation cannot be left to the discretion of either of the parties). Here, the trial court ordered visitation as to D.C. be supervised at all times by the child’s therapist, the permanent guardian, or an adult approved by DCF. The visitation “shall occur on a schedule agreed by the parties and at a place agreed to by the parties.... Once recommended by the therapist, the visitation shall be supervised visitation at a minimum of once a month for a minimum of one hour.” This portion of the order does not necessarily violate section 39.6221(2)(c). However, because we are reversing the order placing the child in permanent guardianship, D.C. may seek to revisit this matter in the trial court.
Reversed and remanded.
KELLY and VILLANTI, JJ., Concur.