WALLACE, Judge.
A.C., the Father, appeals an order placing three of his minor children into a permanent guardianship. Although we conclude that the trial court’s decision to place the children in a permanent guardianship is supported by competent, substantial evidence, the order on appeal fads to contain or to reference the detailed findings required by section 39.6221(2)(a), Florida Statutes (2012). See J.S. v. Dep’t of Children & Family Servs., 18 So.3d 712, 714 (Fla. 2d DCA 2009) (“[I]n its written order, the trial court was required to explain why reunification was not possible by either ‘referring to specific findings of fact made in its order adjudicating the ehild[ren] dependent or by making separate findings of fact[.])’ ” (quoting § 39.6221(2)(a), Fla. Stat. (2008)).[1] As we stated in J.S., the trial court’s reference to “the circumstances from which the court previously based its findings that the children are dependent” is insufficient to comply with this requirement. Id. Accordingly, we reverse and remand for the entry of an amended order that meets the requirements of section 39.6221(2)(a). See C.C. v. Dep’t of Children & Families., 108 So.3d 699 (Fla. 5th DCA 2013).
Reversed and remanded.
ALTENBERND and NORTHCUTT, JJ., Concur.

. We deny the Father’s motion to take judicial notice of the record in J.S. In fact, we returned the record in J.S. to the trial court several years ago. Of course, we have considered the published opinion in J.S. to the extent that the decision in that case serves as relevant precedent for this case.