DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**T.B.,** the Father,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D14-4060

[October 28, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter Evans, Acting Circuit Judge; L.T. Case No. 2011 DP 300316.

Andrew A. Holness of Law Offices of Andrew A. Holness, P.A., West Palm Beach, for appellant.

Rosemarie Farrell, Orlando, for appellee.

Patricia Murphy Propheter, Sanford, for appellee Guardian ad Litem Program.

WARNER, J.

A father appeals an order placing his children in a permanent guardianship with a relative and terminating protective supervision by the Department of Children and Families. The order also modified a visitation plan for the father because of the guardian's impending move out of state. The father claims that the court erred by failing to conduct an evidentiary hearing and make findings of fact to support establishing the permanent guardianship and modifying the visitation. As the order fails to include the required findings of fact as to the establishment of the permanent guardianship, and a hearing is required to permit the guardian to relocate, we reverse.

The Department filed a Petition for Shelter for the father's two minor children based upon allegations of neglect by the mother, for which probable cause was found. The father, who was not married to the mother, was granted visitation. Later, the court modified custody to place the

children with a relative.  The Department filed a Petition for Dependency, and the children were adjudicated dependent.  As to the father, the order found that he had abandoned the children by failing to take action to prevent the neglect by the mother.  The father was given a case plan, with which he complied.

As he had successfully completed his case plan, the father sought reunification with his children.  The court, however, denied reunification because the father allowed his adult son to live with him, and the son was on pre-trial release for alleged sexual offenses against minors.

The Department moved for an order accepting a case plan with a goal of permanent guardianship and terminating supervision, because concerns for the safety of the children still remained, including the fact that the father's adult son still lived with him, making the father's home inappropriate for the minor children.  About nine months later, the court entered a confusing order which both granted a permanent guardianship but also required the Department to file a case plan with the goal of permanent guardianship and a goal date several months later.  The Department retained protective supervision but placed the children with the permanent guardian.  It also established a visitation schedule. Although the Department contends this was an appealable order establishing the guardianship, we conclude that this was not the final order.

Judicial reviews continued after the entry of this order.  Those orders showed that the father was compliant with his case plan tasks.  Then, several months later, at another judicial review hearing, the Department sought to have the court enter a modified visitation schedule, because the permanent guardian was moving out of state with the children.  It also sought to close the case and terminate supervision.  Appearing at the hearing, the father tried to explain the situation with his adult son, implying that nothing had come of the case against his son, yet this was still holding up his ability to have his daughters with him.  Nevertheless, the father's attorney did not seek, nor did the court permit, a second hearing on reunification.  The father's attorney, however, objected to the permanent guardian moving out of state and depriving the father of the continuing contact he was enjoying with his daughters.  The attorney contended that the court should apply section 61.13001, Florida Statutes (2014), regarding relocation of the child.

The court ultimately rejected that position.  Without holding an evidentiary hearing, it entered a final order placing the children in a permanent guardianship and terminating the Department's protective

supervision.  In the order, the court found that the relocation statute in Chapter 61 did not apply in permanent guardianship situations.  It then made conclusory statements regarding the need for the permanent guardianship without specific facts showing why the father was not fit to care for his daughters.  It adjusted a visitation schedule for the father because of the permanent guardian's relocation out of state.  It is from this order that the father appeals.

Section 39.6221(2), Florida Statutes (2014), provides that in a written order establishing a permanent guardianship, the court must "[l]ist the circumstances or reasons why the child's parents are not fit to care for the child and why reunification is not possible by referring to specific findings of fact made in its order adjudicating the child dependent or by making separate findings of fact." § 39.6221(2)(a), Fla. Stat. (2014).  "A general reference to the dependency findings does not satisfy the statute." *In re R.C.*, 118 So. 3d 924, 925 (Fla. 2d DCA 2013) (citing *J.S. v. Dep't of Children & Family Servs.*, 18 So. 3d 712, 714 (Fla. 2d DCA 2009)).

Here, the order states "[t]he parents are not fit to care for the children and reunification is not possible because the circumstances from which the [c]ourt previously based its finding that the children are dependent have not been ameliorated."  Similar language has been rejected as inadequate under the statute.  *See, e.g.*, *In re R.C.*, 118 So. 3d 924, 925 (Fla. 2d DCA 2013); *M.G. v. Dep't of Children & Family Servs.*, 86 So. 3d 1149, 1150 (Fla. 3d DCA 2012).  The written order does not comply with the statutory requirements of section 39.6221(2)(a), Florida Statutes (2014).  Moreover, the reasons set forth in the order of dependency do not appear to be the same reasons upon which the court denied reunification.

We reverse the order on permanent guardianship for the court to make the necessary findings of fact required by the statute.  It is not clear to us from the record that an evidentiary hearing was ever held on the permanent guardianship petition.[1]  If a hearing was conducted, at which testimony was taken regarding the necessary findings, then the court can rely on it to craft a new order on the permanent guardianship.  If no hearing was ever held, then the court will have to conduct an evidentiary hearing to establish the necessary facts to support the guardianship.

But it is clear that no hearing was held on the relocation, over the

---

[1] We cannot tell whether a hearing was held when the permanent guardian was first appointed or at any subsequent judicial review where the court may have received the necessary evidence to support the required findings of fact.

objection of the father. As the father points out, a determination of the children's best interests regarding the relocation is necessary. Contrary to the court's conclusion, compliance with the provisions of section 61.13001, Florida Statutes (2014), regarding relocation of a child, is required, even in a permanent guardianship situation. Section 61.13001(1)(a), Florida Statutes, defines "child," for the purposes of the Parental Relocation with a Child statute, as meaning "any person who is under the jurisdiction of a state court pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act [("UCCJEA")] . . . ." It defines "relocation" as meaning the "change in location of the . . . parent *or other person . . . .*" § 61.13001(1)(e), Fla. Stat. (emphasis added). "Other person" includes "an individual who is not the parent, but with whom the child resides pursuant to court order . . . ." Further, the UCCJEA applies to "child custody proceedings," which are defined as:

> a proceeding in which the legal custody, physical custody, residential care, or visitation with respect to a child is an issue. The term includes a proceeding for divorce, separation, neglect, abuse, *dependency, guardianship,* paternity, termination of parental rights, and protection from domestic violence . . . .

§ 61.503(4), Fla. Stat. (2014) (emphasis added).

Thus, the Parental Relocation with a Child statute applies to any child to which the UCCJEA is applicable, and the UCCJEA is applicable to guardianship proceedings. Therefore, these children are subject to the provisions of the parental relocation statute, and a hearing is required regarding the best interest of the children with respect to the guardian's relocation.

For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

CONNER, J., and LEVEY COHEN, MARDI, Associate Judge, concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

4