DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**K.J.,** the father,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES,**
Appellee.

No. 4D15-2606

[December 2, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kathleen J. Kroll, Judge; L.T. Case No. 50-2013DP300745.

Andrew A. Holness of Law Offices of Andrew A. Holness, P.A., West Palm Beach, for appellant.

Meredith K. Hall, Appellate Counsel, Children's Legal Services, Bradenton, for appellee, Department of Children and Families.

PER CURIAM.

After a hearing on a petition for termination of parental rights, the circuit court denied the petition, finding that the petitioners "failed to prove by clear and convincing evidence that it is in the child's best interests for the father's parental rights to be terminated." Afterwards, the Department of Children and Families filed a case plan for permanent guardianship as the primary goal for the child. The court held a hearing on the case plan, where all interested parties had a chance to participate. On June 5, 2015, the court approved the case plan for permanent guardianship, terminated protective supervision, discharged the Guardian Ad Litem, and cancelled judicial review. The court found that that "[r]eunification with the parent(s) at this time would be contrary to the welfare and not in the best interest of the child."

We conclude that the trial court's adjudication of the child as dependent in the June 5 order was sufficient in light of the earlier order of dependency and the court's determination that the circumstances had not changed. Further, the order of permanent guardianship was a permissible case plan under section 39.811(1)(a)(1), Florida Statutes (2015). We

distinguish *Z.C. v. K.D.*, 88 So. 3d 977 (Fla. 2d DCA 2012). In that case, the trial court placed the child in a permanent guardianship after denying a petition for termination of parental rights. *Id.* at 979, 981. However, none of the parties had advocated for a permanent guardianship; the "case plan filed by DCF contained a permanency goal of adoption, and the parties did not agree to litigate the issue of any alternative permanency placement." *Id.* at 989. In this case, the circuit court's order was in response to DCF filing a case plan for a permanent guardianship and the order was entered after a hearing with notice and an opportunity for all parties to be heard.

We agree with appellant that the June 5 order does not contain the findings of fact required by section 39.6221, Florida Statutes (2015). "A general reference to the dependency findings does not satisfy the statute." *T.B. v. Dep't of Children & Families*, 2015 WL 6496316 *2 (Fla. 4th DCA Oct. 28, 2015). From our review of the record, it appears that there was competent substantial evidence to support the court's permanent guardianship determination. Testimony at the hearing established that the child had been in the care of her maternal grandparents for the majority of her life. The father testified that at the time of the hearing, despite having an apartment, he was living in a hotel with a "female friend" who recently had her children taken from her. He did not want to raise his daughter in the hotel. He further testified that he works so much he does not have much time to see the child. The father stated that "initially I would like to take her probably on the weekends and then like gradually more time with her and see how that would work out." The case manager testified that aside from a few gifts here and there, the father has yet to provide the child's grandparents with any financial assistance. We reverse and remand for the court to enter an order, based on testimony and evidence already taken, that includes the specific findings of fact required by the statute.

*Affirmed in part, reversed in part, and remanded.*

GROSS, MAY and CONNER, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**