ON CONFESSION OF ERROR

DAMOORGIAN, J.
S.R., the Father, challenges the trial court’s order placing his two minor children in a permanent guardianship and terminating protective supervision. The Father argues that the trial court: (1) abused its discretion in limiting his visitation with the children to supervised only as this decision was not supported by competent, substantial evidence; and (2) failed to make the required statutory findings in its written order. We find merit with the Father’s lack of written findings argument, and the Department of Children and Families (“DCF”) concedes error.[1] In light of our holding that the order is deficient for lack of findings, we are unable to address *132 the Father’s remaining sufficiency of the evidence argument.
Section 39.6221, Florida Statutes, provides that when a trial court places a minor child in a permanent guardianship; it must:
(a) List the circumstances or reasons why the child’s parents are not fit to care for the cliild and why reunification is not possible by referring to specific findings of fact made in its order adjudicating the child dependent or by making separate findings of fact;
[[Image here]]
(c) Specify the frequency and nature of visitation' or contact between the child and his or her parents;
§ 39,6221(2)(a),(c), Fla. Stat. (2016).
In the present case, the trial court made no specific findings in its written order that reunification would endanger the children’s physical, mental, or emotional well-being. Instead, the order generally concluded that “there is a continual need for out-of-home placement to ensure the children’s health, safety and wellbeing,” and that “[rjeunification with the parent(s) at this time would be contrary to the welfare and not in the best interest of the children.” This 'generic language is insufficient to satisfy the requirements of section 39.6221. See T.B. v. Dep’t of Children & Families, 189 So.3d 150, 153 (Fla. 4th DCA 2015). The order further fails to specify the frequency of the Father’s supervised visitation with the children. See In re Jr., 64 So.3d 1283, 1284-85 (Fla. 2d DOA 2011) (reversing a permanent guardianship order because it failed to establish a specific visitation schedule in violation of section 39.6221(2)(c), and remanding for the court to delineate the frequency of the mother’s visitation).
Therefore, we reverse and remand the permanent guardianship order for the trial court to make the necessary, specific written findings pursuant to section 39.6221, and to delineate the frequency of the Father’s supervised, visitation with the children.

Reversed and remanded.

TAYLOR and MAY, JJ., concur.

. During the pendency of this appeal, DCF filed a motion to relinquish jurisdiction. Therein, DCF admitted that the trial court failed to make specific written findings in its order regarding the fitness of the Father to care for the children, and further failed to specify a visitation schedule. In response, this Court issued an order to show cause as to why DCF’s motion to relinquish should not be treated as a confession of error. DCF responded to the order by stating that it was "unaware of any authority for why the Motion to Relinquish should not be treated as a Confession of Error.”