NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| In the Interest of C.A. and S.L., minor children, | ) ) |
| _____ | ) |
| | ) |
| T.M., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. 2D16-794 |
| | ) |
| DEPARTMENT OF CHILDREN AND FAMILIES, | ) ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Opinion filed September 28, 2016.

Appeal from the Circuit Court for Pinellas
County; James V. Pierce, Judge.

Ita M. Neymotin, Regional Conflict Counsel,
and David C. Chafin, Assistant Regional
Counsel, Clearwater, for Appellant.

Bernie McCabe, State Attorney, and
Leslie M. Layne, Assistant State Attorney,
Clearwater, for Appellee.


PER CURIAM.

T.M. appeals the trial court's order terminating protective supervision of

her two minor children and placing them into a permanent guardianship and the trial

court's order denying her motion to extend supervision. As T.M. argues and the

Department of Children and Families concedes, the trial court's order placing the

children in permanent guardianship fails to make the findings required by section

39.6221(2), Florida Statutes (2015). We reverse and remand for further proceedings.

Section 39.6221 delineates the findings a trial court is required to make to

place a child in a permanent guardianship and the requirements of its written order. It

states in pertinent part:

> (1) If a court determines that reunification or adoption is not in the best interest of the child, the court may place the child in a permanent guardianship with a relative or other adult approved by the court if all of the following conditions are met:
>
> (a) The child has been in the placement for not less than the preceding 6 months.
>
> (b) The permanent guardian is suitable and able to provide a safe and permanent home for the child.
>
> (c) The court determines that the child and the relative or other adult are not likely to need supervision or services of the department to ensure the stability of the permanent guardianship.
>
> (d) The permanent guardian has made a commitment to provide for the child until the child reaches the age of majority and to prepare the child for adulthood and independence.
>
> (e) The permanent guardian agrees to give notice of any change in his or her residential address or the residence of the child by filing a written document in the dependency file of the child with the clerk of the court.
>
> (2) In its written order establishing a permanent guardianship, the court shall:
>
> (a) List the circumstances or reasons why the child's parents are not fit to care for the child and why reunification is not

possible by referring to specific findings of fact made in its order adjudicating the child dependent or by making separate findings of fact;

(b) State the reasons why a permanent guardianship is being established instead of adoption;

(c) Specify the frequency and nature of visitation or contact between the child and his or her parents;

(d) Specify the frequency and nature of visitation or contact between the child and his or her grandparents, under s. 39.509;

(e) Specify the frequency and nature of visitation or contact between the child and his or her siblings; and

(f) Require that the permanent guardian not return the child to the physical care and custody of the person from whom the child was removed without the approval of the court.[1]

The trial court's order is deficient because it makes no specific findings as to why T.M. is not fit to care for her children and why reunification is not possible; it does not explain why the court closed the case in permanent guardianship rather than adoption; and it fails to order the permanent guardian not to return the children to T.M.'s physical care and custody without approval of the court.

Moreover, the record reflects that the trial court did not conduct an evidentiary hearing on the Department's motion for termination of supervision and placement in a permanent guardianship. In addition, the trial court did not otherwise have before it competent and substantial evidence to support the findings required by section 39.6221(1). For that reason, we remand for the trial court to conduct further proceedings necessary for it to determine whether a permanent guardianship is the

---

[1]Florida Rule of Juvenile Procedure 8.425(d)(5) mirrors the requirements of section 39.6221(2).

appropriate permanency option for the children. See J.B. v. Dep't of Children & Family Servs., 130 So. 3d 753, 756 (Fla. 2d DCA 2014) (reversing an insufficient permanent guardianship order and remanding for further proceedings because the permanent guardians did not testify and the trial court did not "appear to have had a factual basis" to find that reunification or adoption are not in the child's best interest); D.C. v. Dep't of Children & Family Servs., 118 So. 3d 924, 925-26 (Fla. 2d DCA 2013) (reversing an order that contained insufficient factual findings to permit a permanent guardianship, explaining the father's failure to complete a case plan "would not be sufficient, by itself, to support a permanent guardianship placement," and remanding for the trial court to "reconsider whether DCF presented sufficient evidence to support the permanent guardianship"); T.B. v. Dep't of Children & Families, 189 So. 3d 150, 153 (Fla. 4th DCA 2015) (reversing an order on permanent guardianship for the trial court to make the necessary findings of fact required by section 39.6221 and remanding with instructions to conduct an evidentiary hearing if the trial court had not previously done so); C.S. v. Dep't of Children & Families, 41 So. 3d 368, 369 (Fla. 1st DCA 2010) (noting that a trial court's order of permanent guardianship must be supported by competent, substantial evidence).

Reversed and remanded for further proceedings.

WALLACE, CRENSHAW, and BADALAMENTI, JJ., Concur.