DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

In the Interest of J.A.T., a child.

R.T.,

Appellant,

v.

DEPARTMENT OF CHILDREN AND FAMILIES
and GUARDIAN AD LITEM PROGRAM,

Appellees.

No. 2D22-393
_____

September 21, 2022

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Manatee County; Gilbert A. Smith, Jr., Judge.

Linda A. Lorrier of Linda A. Lorrier, P.A., Bradenton, for Appellant.

Meredith K. Hall, Children's Legal Services, Appellate Division,
Bradenton, for Appellee Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Krystle
Cacci, Certified Legal Intern, Statewide Guardian ad Litem Office,
Tallahassee, for Appellee Guardian ad Litem Program.


LABRIT, Judge.

R.T., the Father, appeals an order placing J.A.T., the Child, in a permanent guardianship and terminating the Department of Children and Families' supervision. Because the permanent guardianship order does not fully comply with section 39.6221, Florida Statutes (2021), we reverse and remand for entry of an amended order.

The Father first argues that the trial court's decision to place the Child in a permanent guardianship was not supported by competent substantial evidence and that the order on review failed to make specific findings of fact. We conclude that competent substantial evidence supports the trial court's decision to place the Child in a permanent guardianship. *See A.C. v. Dep't of Child. & Fam. Servs.*, 136 So. 3d 720, 721 (Fla. 2d DCA 2014). However, section 39.6221 requires that the written order "[l]ist the circumstances or reasons why the child's parents are not fit to care for the child and why reunification is not possible by referring to *specific findings of fact made in its order adjudicating the child dependent* or by making separate findings of fact." § 39.6221(2)(a) (emphasis added). The permanent guardianship order generally relies on "the circumstances from which the court previously based

its finding that the Child is dependent in the order of adjudication." *See D.C. v. Dep't of Child. & Fam. Servs.,* 118 So. 3d 924, 925 (Fla. 2d DCA 2013). This is insufficient because it does not refer to specific findings of fact from the order of adjudication of dependency. *See A.C.,* 136 So. 3d at 721.

The Father next argues that the portion of the permanent guardianship order addressing the frequency of his visitation is insufficient. An order placing a child in a permanent guardianship must "[s]pecify the frequency and nature of visitation or contact between the child and his or her parents." § 39.6221(2)(c). The plain language of the statute requires a court to set a specific frequency of visitation. *S. W-R. v. Dep't of Child. & Fam. Servs.,* 64 So. 3d 1283, 1284 (Fla. 2d DCA 2011).

In *D.C.,* this court addressed a similar visitation provision in a permanent guardianship order. We explained:

> Here, the trial court ordered visitation as to D.C. be supervised at all times by the child's therapist, the permanent guardian, or an adult approved by DCF. The visitation "shall occur on a schedule agreed [to] by the parties. . . . Once recommended by the therapist, the visitation shall be supervised visitation at a minimum of once a month for a minimum of one hour." This portion of the order does not necessarily violate section 39.6221(2)(c).

*D.C.*, 118 So. 3d at 926.

Similar to the visitation provision in *D.C.*, the permanent guardianship order in this case provides that "[t]he frequency of the visitation shall be determined with therapeutic input" and that visitation "shall begin . . . when therapeutically recommended." However, the order in this case differs from *D.C.* because it fails to specify a frequency of visitation. While an increase in the frequency of visitation can be determined with therapeutic input and the start of visitation can be delayed until a time that is therapeutically recommended, section 39.6221(2)(c) requires a permanent guardianship order to set a specific minimum frequency of visitation that is to be allowed once visitation begins. *See, e.g.*, *D.C.*, 118 So. 3d at 926.

Accordingly, we reverse and remand for the entry of an amended order that meets the requirements of section 39.6221(2)(a) and (2)(c). We stress that on remand, the trial court need only amend the order to add the specific findings of fact from the order adjudicating the Child dependent upon which the court relied to place the Child in a permanent guardianship and to set a minimum

4

frequency of visitation once visitation is therapeutically recommended. Because competent substantial evidence supports placement of the Child in a permanent guardianship, the trial court need not reconsider that decision.

Reversed and remanded.

BLACK and SLEET, JJ., Concur.

_____

Opinion subject to revision prior to official publication.